## IRON WORKS v. DOUGLAS.

CONTRACTS: *Acceptance of bid not responsive to proposal.*

The defendant advertised for bids for an iron front to a store house. The plaintiff put in a bid for the work by which it offered to supply the defendant with certain articles needed in the construction of the front, at a stated price, specifically naming and describing each article, and its bid was accepted. In the progress of the work, it was found that material not specified in the bid was necessary to complete the front, and this was ordered from and furnished by the plaintiff. In an action to recover the value of this extra material, *Held:* That, although the plans submitted to the bidders called for a complete iron front, the defendant, by accepting, without qualification, a bid not responsive to his proposal, made it the basis of his contract, and is liable for the value of all the material furnished, which was not specified in the bid.

APPEAL from *Garland* Circuit Court.
LELAND LEATHERMAN, Special Judge.

*G. G. Latta* for appellant.

*R. G. Davies* for appellee.

COCKRILL, C. J. The motion for a new trial in this case is based solely upon the ground that the verdict is not sustained by the evidence. The appellant has filed an abstract purporting to give the material parts of all the evidence; the appellees have entered their appearance and submitted the cause without questioning its correctness or accuracy. We take the abstract, therefore, as a correct exposition of the case. Rule 9.

The action was by the appellant upon an open account to recover for the value of materials furnished by it to the appellees. The latter were constructing a store house and advertised for bids for an iron front for the building. The bidders were furnished a drawing of the building and specifications of the iron work desired. The appellant put in a bid for the work, specifying particularly the cast and wrought iron work to be furnished by it, with the size and length of items. Other bids were received also, varying, it appears, in some particulars, from the appellant's in the material to be furnished. The contract was awarded to the appellant upon its bid. As the work progressed, the architect in charge of the building wrote to the appellant ordering iron materials to complete the front which were not specified in the bid. The appellant called attention to the fact that the items ordered were not in its contract, but expressed a willingness to forward them at an additional cost of $106. The architect deemed the new material necessary to a correct completion of the front, and the appellant filled the order with the appellee's consent. Believing, however, that the appellant had contracted to furnish the material to complete the iron front according to the plans and specifications furnished when the bid was made, and that these called for a complete iron front, the appellees afterwards declined to pay for the materials last ordered. This suit was instituted to recover the value of these materials. There was a conflict in the testimony as to whether the plans and specifications upon which the bids were based, called for a complete iron front and included the articles for which the suit was brought. Some of the experts who were examined at the trial thought that they did ; others that they did not. Those who submitted bids for the work had not all understood the matter alike. The appellant's agent, who prepared the bid, thought the design or plan of the building contemplated the use in part of other material than iron, and made the bid with that in view. But the nature of appellant's bid—that is, its

response to the appellee's proposal, renders that question immaterial. Grant that the plans, etc., submitted to the bidders called for a complete front of iron. The appellant's specifications for materials it would furnish were not for a complete front. Its offer was to supply the appellees with specific articles that were needed in the construction of the front at a stated price, each article that it intended to furnish being specifically named and described. There was no suggestion or intimation from the company that any other material would be furnished. Its offer was not then responsive to the builder's proposal, and the latter were forced, therefore, to the alternative of rejecting the offer or making it the basis of their contract. They accepted the offer without comment or qualification, and thereby accepted the appellant's proposal to furnish the material named at the price stated. The misunderstanding which arose about the extra materials comes from the builder's neglect in failing to insert in their contract a description of all the materials they needed, or else in demanding in some form of the bidder a warranty that the materials furnished were all that were needed to complete the front in iron. This was not done either expressly or impliedly. It does not rest with the appellees to add to the burden of the appellant's obligation.

The judgment must be reversed and the cause remanded for a new trial.