SCHOOL DISTRICT No. 49 of FAULKNER COUNTY *v.* ADAMS.

Opinion delivered March 16, 1901.

SCHOOL BOARD—LEGALITY OF SPECIAL MEETING.—Two of the members of a school board cannot bind the district by entering into a contract for the employment of a teacher at a special meeting of which the third member had no notice, though he was present, if he declined to participate in the meeting.

Appeal from Faulkner Circuit Court.

GEO. M. CHAPLINE, Judge.

Suit by R. F. Adams against school district No. 49 of Faulkner county. From a judgment in plaintiff's favor defendant appealed. The facts are stated by the court as follows:

This is a suit by the plaintiff, R. F. Adams, against school district No. 49, Faulkner county, to recover three months' wages as teacher at $25 per month. To sustain his suit, plaintiff introduced as evidence his contract with said district. He also testified that he held a certificate to teach in the public schools. He says he went on the 4th of July to teach the school, and Reeves and Firestone, two of the directors, refused to let him in the house because Miss Harris was teaching. He says the contract was signed on the 23d of May, but some time before that Kuykendall and Wilson had spoken to him about the school, and he told them he would teach the school, and on the 23d of May they brought the contract signed by Kuykendall and Wilson, which was in accordance with their previous agreement, and he executed it early in the morning. He was always ready and willing to comply with contract.

T. S. Wilson, a witness for plaintiff, testified that on the third Saturday in May, 1898, Wm. Firestone was elected school director for district No. 49, to take the place of A. F. Kuykendall, whose time expired, and on Monday morning next he and Kuykendall, in accordance with an agreement previously made between him and Kuykendall, went to J. J. R. Reeves' house. Kuykendall got there before witness. Reeves and Kuykendall were at Reeves' barn when witness got there. Witness says they told Reeves they came to have a school meeting and elect a teacher. Reeves said he would have nothing to do with it, and refused to act with them. Witness suggested R. F. Adams be elected as teacher, and Kuykendall agreed to it. "We had the contract already made out, and he and I signed it, and Reeves said he would have nothing to do with it. We had not given Reeves any notice of this meeting." Witness and Kuykendall "had the Adams contract in our hands for several days before that. We had promised him the school." Witness sent his children to Miss Emma Harris. Witness had been elected director at a special school meeting some time before that. Don't know know whether any notice of such election had been given or not. We kept no record nor minutes of the meeting at which time we made the contract."

A. F. Kuykendall, for plaintiff, testified the same in substance as Wilson, and the plaintiff here closed his testimony.

J. J. R. Reeves, sworn as a witness for defendant, says: I was a director of school district No. 49, Faulkner county. My term expired May, 1899. At the election, 1898, Wm. Firestone was elected in place of A. F. Kuykendall, director. On Sunday I said to T. E. Wilson, who was acting as director, to come over at 2 o'clock next day to the school house, and let's have a meeting, as Wm. Firestone would be sworn in as a director. And on Monday morning, between daylight and sun up, Kuykendall came to my house, and said he wanted some potato slips, and he and I walked out to my barn, and in a very few minutes T. S. Wilson came up to the barn. Then one of them said, "Let's have a school meeting," and I said I would have nothing to do with it. One of them said, "I move that Adams be elected for teacher, and the other agreed to it; and they asked me to sign the contract, which they seemed to have had prepared: I refused, and I went off, and Wilson said to me, 'You can go on with your meeting this evening as you please; I will not be there;' and they left. Some time that forenoon Wm. Firestone was sworn in as a director, and at 2 o'clock p. m. we had a meeting, and selected Miss Emma Harris to teach a three months' school, which she taught, and for which she was paid by the district. Mr. T. S. Wilson was elected school director of district No. 49 some few months before this, not at a regular school meeting, but at a special election. There were no written notices of said election put up in the district, nor was there any notice of such election by the directors, or either of them, at any time: nevertheless he acted as such director after this election. (At this point the court announced that he would hold that it made no difference, for the purpose of this case, how T. S. Wilson was elected; if he was acting as a director, and recognized as such, that would be sufficient to bind the directors. To which ruling of the court and announcement defendant's counsel excepted to at the time.) We gave no written notice to Mr. Wilson, the other director, of the meeting we had at 2 o'clock, and Mr. Wilson was not present at that meeting. Mr. Firestone was qualified after Mr. Kuykendall and Mr. Wilson were at my house on the 23d of May in the morning. I took no part in the meeting at my barn as aforesaid on the morning of May 23, and had no written or verbal notice of an intended meeting until Wilson and Kuykendall came up in the manner stated. I neither voluntarily participated nor met with them.

SC—11

*G. W. Bruce,* for appellant.

The alleged school meeting was illegal for want of proper notice. 52 Ark. 511.

*Sam Frauenthal,* for appellee.

The consent of two directors was sufficient to the contract. 52 Ark. 516. The authority of Wilson to act as director cannot be collaterally questioned. 32 Ark. 666; 55 Ark. 83; 21 Am. & Eng. Enc. Law, 757. An exception in gross is bad if any one of the matters excepted to be not error. 59 Ark. 312; 59 Ark. 370; 60 Ark. 250.

HUGHES, J., (after stating the facts). It was competent for two of the three school directors, being a majority of the board of directors, if all were present and participating in the meeting, or had had written notice of the time, place and purpose of the meeting, as required by law, to make a legal contract to employ a teacher, by which the school district would be bound; but without such notice, or the voluntary presence of all the members of the board, no legal contract could be made. Where a party, a member of the board, had no notice of the time, place and purpose of the meeting, and two members of the board went to his residence, and while he was present for some other purpose, and not for the purpose of a meeting of the board of school directors, and protested against their action as a board, as in this case, the two could make no legal contract to bind the district. "The corporate authority must be exercised by the proper body." This was a called meeting, and notice was indispensable, unless waived by the presence of all the directors and their participation, to the legality of its action to bind the district.

At a regular meeting for the transaction of ordinary business, the time and place for which is fixed by law, all must take notice of the meeting, and if a majority act at such meeting, and one be absent and not participating, the action, within the scope of the powers of the board, will bind the school district. This question was fully considered in *Burns* v. *Thompson,* 64 Ark. 489, and this case is within the ruling in that, to which we adhere.

The judgment is reversed, and the cause is remanded for a new trial.

BATTLE, J., did not participate.