SCHOOL DISTRICT No. 68 v. ALLEN.

Opinion delivered July 15, 1907.

1. SCHOOL BOARD—SPECIAL MEETING—WAIVER OF NOTICE.—A special meeting of school directors may be held without notice if all the directors are present and participate in the meeting. (Page 493.)

2. TRIAL—INTRODUCTION OF WRITING IN EVIDENCE.—Where the bill of exceptions contains a copy of the written contract sued upon, and recites that such contract was handed to a witness and identified as the contract sued upon, a more formal introduction of the contract was unnecessary. (Page 495.)

Appeal from Clay Circuit Court; *T. H. Caraway,* Special Judge; affirmed.

### STATEMENT BY THE COURT.

Appellee sued appellant, alleging that on the 24th of March 1905, appellee entered into a contract with appellant, through two of its directors, whereby appellee was employed by appellant to teach a school for a period of seven months, at $40 per month; that services of appellee were to commence on the 10th of July, 1905; that at the time of the making of the contract all the directors of the district had notice, and all' were present; that appellee was present at the time and place agreed upon, and offered to enter upon the services of appellant as teacher, but the appellant through its directors refused to permit her to enter upon such service and refused to pay her for such service. Wherefore she prayed for judgment in the sum of $280 damages.

Appellant denied all material allegations of the complaint except that it was a school district.

*S. R. Simpson,* for appellant.

1. There was no legal contract. A contract made by two directors in the absence of the third and without notice is illegal. 73 Ark. 194; 64 Ark. 489; 52 Ark. 511.

2. The contract was never admitted in evidence.

*Moore, Spence & Dudley,* for appellee.

1. Appellant's objection to the introduction of the contract should have been pressed to a decision. It will be held now to have waived its objection. 73 Ark. 407; 7 Ark. 470.

2. It is conceded that, in order to enter into a valid contract for the employment of a teacher, all the directors must be present or have had notice of the meeting, but it is also held that it is competent for a majority of the board, if all are present and participating, to make a legal contract to employ a teacher by which the district will be bound. 69 Ark. 159. And the proof in this case is that all were present and *participating.*

Previous notice was unnecessary. The evidence is conflicting as to whether Davidson understood that they had met to hire a teacher, but the verdict will not be disturbed on that account. 75 Ark. 111. It was not necessary to reduce the contract to writing during the session at which the teacher was employed. 10 L. R. A. 273.

WOOD, J., (after stating the facts.) Appellant presents two questions:

First: "That there is no legal contract shown by the evidence:

Second: "If there was a contract, it never was admitted as evidence."

1. Appellant contends that there was no notice. Conceding that this is true, it did not affect the validity of the contract under the evidence adduced. For Emerson, one of the directors, testified as follows: "We three directors met in the school yard, and Mr. West said to me that Mr. Davidson was here, and we had better talk the matter over as to who we will employ to teach our school another year. We all three of us got together, and at this time Mr. West asked what we thought of employing Miss Allen to teach our next school. Mr. Davidson said that he thought the district wanted a man to teach, and that he thought it would be best to have a man. Mr. West said that he was in favor of Miss Allen, the plaintiff, and I said I was too. Mr. Davidson stated that he would not be contrary, or words to that effect. I got up about this time, it being understood we would employ Miss Allen to teach our next term of school, and I notified Miss Allen later that she could consider herself employed to teach our next term of school."

In *School District No. 49 of Faulkner County* v. *Adams*, 69 Ark. 159, we held that two directors could not bind the district by entering into a contract for the employment of a teacher at a special meeting of which the third director had no notice, though he was present, if he declined to participate in the meeting. But the above evidence tended to prove that all the directors participated in the meeting. It was sufficient for the jury to find that they did, although Davidson, one of the directors, testified to the contrary. In *School District* v. *Adams, supra,* speaking of a special or called meeting, we said: "Notice is

indispensable, unless waived by the presence of all the directors, and their participation, to the legality of its action to bind the district."

It is insisted that, even if the three directors were present participating, still there was no agreement as to "when the term was to begin, how long continue, or how much she was to receive for her salary, and hence no valid contract entered upon. The statute provides: "The directors shall hire for the district a licensed teacher, and shall make with such teacher a written contract, specifying the time for which the teacher is employed, the wages to be paid per month, and any other agreement entered into by the contracting parties," etc. Kirby's Digest § 7615. There was evidence from which the jury were warranted in finding that the things which the law requires to be specified in a written contract were agreed upon while the three directors were participating in the meeting had for the purpose of employing a teacher. For instance, one of the directors testified that they had two applications before them, one the application of appellee who agreed to teach the school for $40 per month, and another applicant agreed to teach for $60 per month; that the qualifications of each applicant were discussed by all of the directors, and it was agreed by all that appellee "was fully qualified and competent;" that one of the directors (Davidson) wanted to employ a man to teach the school, but was unwilling to give the other applicant the sum demanded, and said that the other two directors could hire the appellee. This witness testified that "each of the directors understood the price that each applicant had agreed to teach the school for," and that the length of time the school was to be taught was "seven months, three summer, and four winter months."

Witnesses testified that the reason the contract was not reduced to writing then and there was that they did not have any blanks, but that two of the directors informed the appellee that she was employed to teach the school, and that afterwards the contract was reduced to writing and signed by the two consenting directors and the appellee.

Although there is a conflict in the evidence as to the terms of the contract as above indicated being discussed and agreed upon, it was a question for the jury to determine whether the

facts as above set forth existed. If they did, the requirements of the statute _supra_ were fully met, and the contract was valid.

The court submitted all these matters to the jury in instructions that were free from error, and not objected to by appellant. Therefore, as the verdict had legal evidence to support it, we will not disturb it.

2. The contract must be taken as having been admitted as evidence in the cause. The bill of exceptions shows that appellee, "to maintain the issues on her part, first offered in evidence her contract, which is objected to by the defendant. The ruling of the court is withheld for the present. Said contract is in words and figures as follows towit:" [Then follows a copy of the contract, and the record further shows that the contract was handed to the appellee while she was on the witness stand, and she was asked if same was her contract with the board of directors, and she identified it, and was thereafter questioned about it, and explained what the contract was, told about when she signed it, and referred to it as "this contract."] We do not think a more formal introduction of the contract was necessary. Its execution was not denied, nor its contents questioned. Appellant only insists that it was not valid for the reasons above discussed. The contract was certainly treated by the court and appellee as in evidence. And appellant must be held, in view of this record, to have waived a more formal introduction. It did not press its objection to the extent of asking the court to exclude the written document or the oral testimony concerning what its contents were. See _Meisenheimer_ v. _State_, 73 Ark. 407; _Johnston_ v. _Ashley_, 7 Ark. 470. The parties agreed as to what the amount of the verdict should be in case the contract was valid, and there was a breach of same. The jury found on these points in favor of appellee, and their verdict was for $120. Judgment was entered accordingly, and it is affirmed.