# CASES DETERMINED

## IN THE

# SUPREME COURT OF ARKANSAS

## LEE v. MITCHELL.

### Opinion delivered April 14, 1913.

1. SCHOOL DISTRICTS—TEACHERS—QUALIFICATIONS AND REQUIREMENTS.—
The general law will be considered in the construction of statutes
relating to the employment of teachers in special school districts;
and under Kirby's Digest, §§ 7684, 7695 and 7615, none but
qualified and duly licensed persons may teach in the common
schools, but it is not necessary that such teacher shall have a
license to teach upon the date of the execution of the contract to
teach, if the school is not to commence until thereafter; the con-
tract entered into will be valid, subject to be avoided if the
teacher fails to provide himself with a license before the date
of the commencement of the school. (Page 6.)

2. SCHOOL DISTRICTS—SCHOOL BOARD—TEACHERS—CONTRACT TO TEACH.—
The terms of section 7615 of Kirby's Digest, imposing duties
upon the school board with reference to the employment of a
teacher, are mandatory, and when the board has entered into a
written contract with the teacher, the contract is binding and the
board can not thereafter invalidate the same by refusal to carry
out the term of the statute. (Page 7.)

3. SCHOOL DISTRICTS—SALARY OF TEACHER.—Although a teacher can
not draw his pay from the county treasurer upon warrants of the
district until the statute be fully complied with, by filing an
exact copy of the contract made with him, he may, by proper pro-
cedure, compel the filing of such copy with the county treasurer,
or compel the payment of his salary in accordance with the terms
of his contract after a performance of it. (Page 7.)

Appeal from Logan Chancery Court, Southern Dis-
trict; *J. V. Bourland*, Chancellor; affirmed.

### STATEMENT BY THE COURT.

Appellants three directors of Special School Dis-
trict No. 15, of Logan County, brought suit to restrain

W. B. Mitchell, appellee, a school teacher from taking charge of a public school of said district, as a teacher, etc., alleging that he was not a qualified teacher of the State; that he did not have a teacher's license, as required by law when the contract of employment, under which he was attempting to teach school, was executed; that by fraud and misrepresentation, he procured the contract entered into and alleged further that the contract was void, not having been made in triplet form, and because appellee had no license to teach in the State of Arkansas at the time of the execution of it.

The answer denied the allegations of the complaint and alleged by way of cross complaint that appellee was a school teacher by profession, duly authorized to teach in the public schools of the State of Arkansas, and regularly licensed by the Superintendent of Public Instruction. That on April 22, 1912, the school district, at a meeting of the directors at which all of the directors thereof voted elected him as a teacher in the school for a term of six months, beginning October 28, 1912, specifying the salary for each month, and that the board sent him a written contract, embodying the terms of the contract, signed by its president and secretary; that he immediately signed and returned the contract; alleged further that the district failed to furnish him with a duplicate and triplicate copy of the contract to be signed, and to file such copies, because the secretary thereof, one of appellants, refused to sign the other copies; that in fulfillment of the contract he had moved his family from Texas to the town of Magazine in the school district, in order to begin preparations for and be ready to teach the school. Prayed that the district be required to make a duplicate of the contract and deliver same to him, and to make another and file the same with the county treasurer, as required by law. Copies of his teacher's first grade license and the written contract were exhibited with the answer and cross complaint.

The testimony shows that at a meeting of the directors of the Special School District No. 15, in which all

participated, four voting for, and two against, the employment of appellee, he was elected and employed to teach a six months' school in the district at a fixed salary; that the school board thereupon wrote out a regular teacher's contract, and executed same in accordance with the resolutions authorizing it, by its president and secretary, which was forwarded to appellee at his place of residence in Texas and immediately signed by him and returned to the school board. Thereafter, dissatisfaction arose, and a petition was gotten up in the district, protesting against the employment of appellee and appellants refused to make out the other copies of the contract and attempted to enjoin appellee from its performance. The date of the written contract is April 22, 1912, and the teachers' license of appellee is a State certificate, authorizing him to teach in the public schools of the State, valid for life, unless revoked and dated June 8, 1912.

The contract recites that it is between Special School District No. 15 and W. B. Mitchell, a teacher, holding a first grade license; that said district employs him to teach the eighth grade in the common schools for six months, commencing on the 28th day of October, 1912, for the salary of eighty-three and a third dollars per month, and, further: "Said directors further agree that all steps required or allowed by law to be taken by said district and its officers, to secure the payment of teachers' wages, shall be so had and taken promptly, and the requirements of the law, in favor of the teacher, complied with by said district."

The court found that the contract was entered into, as stated, and at the time of the making of the contract, there were sufficient taxes to be paid in by the collector of the county to authorize the school to be taught, and that appellee had a sufficient license at the time fixed for opening the school authorizing him to teach and dismissed the complaint for want of equity, from which judgment this appeal is prosecuted.

*John L. Hill, John P. Roberts* and *J. O. Kincannon,* for appellant.

1.   Notice must be given of special meetings.   64 Ark. 489.   Otherwise the contracts made are void.   67 Ark. 236·; 73 *Id.* 195; Kirby's Dig., § 7683.

2. · Kirby's Digest, § 7615, is mandatory.   87 Ark. 93.

3.   The district did not have sufficient funds, and appellee had no license.   Kirby's Digest, § § 7684, 7615; 50 Am. St. 639; 4 N. D. 197; 26 Am. St. 605; 10 Ill. 643; 79 Ind. 575; 29 Hun. 606.

*A. S. McKennon* and *W. B. Rutherford,* for appellee.

1.   All the members were present and participating. Notice was waived.   83 Ark. 491.

2.   A failure to make the contract in triplicate does not render it void.   83 Ark. 491.

3.   The statute only requires a license when the teacher commences school.   Kirby's Dig., § § 7615, 7684.

KIRBY, J., (after stating the facts).   It is contended that there was no contract of employment between said special school district and appellee, authorizing him to teach the school, and that the purported contract was void, because appellee was not a regularly licensed teacher in the State of Arkansas at the time of the signing of the contract and because same was not executed in triplet form, as the statute requires.

The undisputed testimony shows that the action of the school board authorizing the employment of appellee and fixing the terms thereof was participated in by all six of the directors of the district, and it makes no difference whether it was taken at a regular or a special meeting, or with or without notice, as all were present and participating as a board of directors at the time.   *School Dist.* v. *Allen,* 83 Ark. 491.

A contract was drawn in accordance with the authority, fixing the terms for employment, signed by the president and secretary, of the board, and forwarded to appellee for his signature.   He immediately signed and returned it to the board.   This contract bears date of

April 22, 1912, and stipulates that the teacher is employed to teach school for a term of six months, beginning October 28, 1912, and at the time of the execution of it appellee was not a regularly licensed teacher in the State, although he had been for some years before, his present license being granted June 8, 1912.

The law authorizing the employment of teachers by the board of directors of special school districts provides that they "shall have power    *    *    *    to hire teachers for all public schools of the district;    *    *    *    provided, no teacher shall be employed who does not hold a certificate from the State Superintendent or County Examiner." Section 7684, Kirby's Digest.

And the general law, authorizing the employment of teachers of common schools embodied in section 7615, of Kirby's Digest, as amended by act of April 24, 1911, provides:

"They shall hire for and in the name of the district only such teachers as have been licensed according to law, and employ no person to teach in any common school of their district unless such person shall hold, at the time of commencing his school, a certificate and license to teach, granted by the county examiner or State Superintendent; and they shall make with such teacher a written contract in triplet form, specifying the time for which the teacher is to be employed, the wages to be paid per month, and any other agreement entered into by the contracting parties, and shall furnish the teachers with a duplicate of such contract, keep the original, and immediately file an exact copy of such contract in the office of the county treasurer of the county in which the contract is to be enforced; and the county treasurer shall not pay the warrants of any school district until a copy of such contracts have been filed with him."

The general law will be considered in the construction of the one relating to employment of teachers in special school districts (section 7695, Kirby's Digest), and, from the reading of both, it is clear that it was the intention of the Legislature not to authorize the employ-

ment of teachers for the common schools of the State, who are not qualified to teach therein, and whose qualifications do not appear from the holding of a teacher's license. If it had been the intention that no person should be employed to teach in any of the common schools of the State unless he should hold a teachers' license at the time of the employment and execution of the contract, without regard to his holding such license at the time of the commencement of the school, there was no reason to go further and provide, "And employ no person to teach in any common school in their district unless such person shall hold, at the time of commencing his school, a certificate and license to teach, etc."

It was the evident purpose that none but qualified and duly licensed persons should teach in the common schools, but it is not necessary that such teacher shall have a license to teach upon the date of the execution of the contract, if the school is not to commence until thereafter; the contract of employment may be entered into and will be a valid contract, subject to be avoided by the failure of the person to provide himself with a teacher's license before the date fixed for commencement of the school. The teachers and the directors know the law, and that none can teach who do not hold a teacher's license, and the contract is entered into with that understanding, and will be void if the license be not procured before the date for the commencing of the school.

The law further provides that they shall make with the teacher a written contract in "triplet form" specifying the terms of the contract, "and shall furnish the teacher with a duplicate of such contract, keep the original and immediately file an exact copy of such contract in the office of the county treasurer of the county in which the contract is to be enforced; and the county treasurer shall not pay the warrants of any school district until a copy of such contracts have been filed with him."

There can be no doubt but that the action of the board in specifying the terms of employment and authorizing the making of the contract and the execution of the

written contract by the president and secretary of the board of directors for the district, and by the teacher constituted a binding contract subject only to be invalidated by the failure of the teacher to procure the requisite license before the date fixed for commencement of the school, unless the provisions of the statute requiring the directors to make a written contract with the teacher "in triplet form," and furnish him a duplicate of such contract and file an exact copy of the contract in the office of the county treasurer are mandatory. Neither can there be any doubt under said section of the statute, but that the treasurer is prohibited from paying the warrants of any teacher of any district until a copy of the teacher's contract has been filed with him, in accordance with the provisions of the statute, but it is made the duty of the board of directors to file a copy of the contract with the treasurer, and to furnish the teacher a duplicate thereof to be kept by him, the original contract being required to be kept by the school directors.

The terms of the agreement between the parties are included in the written contract signed by them, and when it was reduced to writing and signed by the parties, it became effective and binding under the law, and the fact that a director or an officer of the school board refused thereafter to do his duty and execute duplicate contracts that the teacher might sign in order that the law might be fully complied with relative thereto could not release the district from the performance of the contract entered into. *School District* v. *Allen, supra; McShane* v. *School District,* 70 Mo. App. 624.

Although the teacher can not draw his pay from the county treasurer upon the warrants of the district until the statute be fully complied with, by filing an exact copy of the contract with him, he could, by proper procedure, compel the filing of such copy with the treasurer or the payment of his salary in accordance with the terms of his contract after a performance of it.

The decree is affirmed.