SCHOOL DISTRICT NO. 22 *v.* TRAYWICK.

Opinion delivered May 24, 1915.

SCHOOL DISTRICTS—CONTRACT WITH TEACHER.—Where, at a legal meeting of the school directors, at which all are present, and a contract executed by a majority, the contract will be held binding.

Appeal from Garland Circuit Court; *Calvin T. Cotham,* Judge; affirmed.

*Appellant, pro se.*

There were three qualified directors of the district, as appears by the evidence. No previous written notice was given of the meeting at which appellee claims to have been elected; and the meeting in which Rowell participated was called, not for the purpose of electing a teacher, but for the specific purpose of signing the notices of the annual school election, and for that purpose only. The district was not bound by the alleged election of Traywick 69 Ark. 159.

*James E. Hogue,* for appellee.

No previous notice is necessary where all of the directors are present and participated in the business brought before the directors. Rowell was present and participated in all of the business of this meeting along with the other directors. Kirby's Dig., § 7541.

Smith, J. This appeal involves the validity of a contract which appellee claims to have made with the directors of the appellant district to teach school. He recovered judgment for a sum which is conceded to be due him if he had a valid and binding contract, as he was not permitted to teach the school which he alleges he had contracted to teach.

The contract on which he sues was signed by two of the directors of the district, and the question in the case is whether or not the meeting of the board of directors at which the alleged contract was signed was a legal one.

The cause was submitted to the jury under proper instructions, and we think the evidence warranted the verdict of the jury.

The authority of two directors to contract in the name of their district for the employment of a teacher without the consent of the third director, has been discussed in a number of decisions of this court, the last of which was the case of *Rice* v. *School District No. 20,* 109 Ark. 125. It was there said: "But there must be a meeting, the law contemplates that the directors shall have the power to contract in the name of the district, only after consultation and deliberation, and for this purpose requires the directors to meet. The mere presence together of the three directors is not a school meeting, where they have not met pursuant to notice, unless it is made so by the participation for that purpose of all the directors."

J. M. Rowell was the director of the appellant district who refused to sign appellee's contract. This director testified that a meeting of the directors had been called for the 29th of April, 1914, at which time it was expected that the directors should prepare notices of the

approaching annual school election, and he testified that he met with the other directors for this purpose alone. He does admit, however, that the question of the employment of appellee as a teacher was discussed, but he said that he protested against this action for the reason that at a previous meeting the district had contracted with a Mr. Broughton to teach the only school in the district. The validity of that contract was questioned, but Mr. Rowell insisted that the district was morally bound, if not legally, to give the school to Broughton, and he insisted that Broughton was competent and qualified and entitled to the school. After thus expressing his views he said to appellee, who was present, that he hoped appellee would not be displeased at his action but that he would not agree to give the school to any one else for $25, and thereafter he left the meeting, when appellee's contract was prepared and signed. The evidence of the other two directors is even more favorable to appellee than that of Mr. Rowell; but we think the proof set out shows there was a meeting at which all of the directors were present and in which they all participated. Mr. Rowell expressed himself fully and freely and gave to the other directors the benefit of his opinion on the subject, but he failed to convince the other directors of the correctness of his view. This meeting met the requirements of the law. There was a meeting, a consideration by all the directors of the question covered by the contract, and a conclusion reached by a majority of the board, and the contract became a valid and binding one when reduced to writing and signed by the teacher and two of the directors, which was done at this meeting.

Finding no error in the record, the judgment of the court below is affirmed.