SMITH *v.* SCHOOL DISTRICT No. 89.

4-2986

Opinion delivered April 24, 1933.

406

*D. H. Howell,* for appellant.

*Partain & Agee,* for appellee.

JOHNSON, C. J., (after stating the facts). The trial court erred in submitting this controversy to a jury. The uncontradicted testimony shows that no valid contract was made between appellant as a teacher and the appellee district. The testimony of Mr. Meadows, quoted in the statement of facts, demonstrates that the minds of the

parties never met upon the terms and conditions of the contract of employment. Appellant had applied for the position of teacher for a nine months' period at a salary of $95 per month. A majority of the board refused to employ him at this salary. A majority of the board also agreed that they would employ Mr. Smith as a teacher for the approaching term at $90 per month, and that this reduction of salary would be taken up with appellant for his acceptance, but this did not make a contract between the parties. The contract was actually made and consummated when appellant agreed to teach the school at $90 per month, which occurred some four or five days after the board meeting. All the witnesses agreed that no meeting of the board was had after March 20. Therefore the board was not in session when this contract was finally executed.

It is elementary law that, where a party submits an offer of a contract, this offer must be accepted without reservations. Any reservations or limitations in the acceptance in law is a rejection of the offer.

The rule is well stated in 6 R. C. L., § 31, page 608, as follows: "* * *The acceptance (of the terms of a contract) must likewise be unequivocal and unconditional. If to the acceptance of the proposal a condition be affixed before the party to whom the offer is made, or any modification or change in the offer be made or requested, there is a rejection of the offer."

The rule is stated as follows in 13 C. J., § 86: "An acceptance, to be effectual, must be identical with the offer and unconditional. Where a person offers to do a definite thing, and another accepts conditionally or introduces a new term into the acceptance, his answer is either a mere expression of willingness to treat or it is a counter proposal, and in neither case is there an agreement. This is true, for example, where an acceptance varies from the offer as to time of performance, place of performance, price, quantity, quality, and in other like cases."

In the case of *Weaver* v. *Gay,* 31 W. Va. 736, 8 S. E. 743, 3 L. R. A. 94, quoting from the third paragraph of the syllabus, the Supreme Court of West Virginia held: "If to the acceptance of such proposal a condition be

affixed by the party to whom the offer is made, or any modification or change in the offer be made or rejected, this will in law constitute a rejection of the offer.''

The Supreme Court of North Dakota stated the rule as follows, in the case of *Horgan* v. *Russell,* 24 N. D. 490, 140 N. W. 99, 43 L. R. A. (N. S.) 1150:

''It is the settled law of this State that, before an acceptance of an offer becomes a binding contract, the acceptance must be unconditional, and must accept the offer without modification or the imposition of new terms.''

Since appellant had no valid contract with appellee district, he is not entitled to recover herein. This view of the situation makes it unnecessary for us to discuss or determine other questions presented in briefs.

Since the judgment entered by the trial court is the only lawful one which could have been entered under the facts in this case, the same is in all things affirmed.

KIRBY and BUTLER, JJ., dissent.

BUTLER, J., (dissenting). All members of the board of directors were present when appellant's application to teach the school was submitted to it. Therefore, a majority could legally contract with him. *School District* v. *Bennett,* 52 Ark. 511, 13 S. W. 132; *School District* v. *Traywick,* 118 Ark. 597, 177 S. W. 27. The question, then, is from a view of the evidence most favorable to the appellant, was there such an agreement then made which he could enforce? The majority has answered in the negative and invoked the familiar rule that where an offer is made the acceptance must be unequivocal and unconditional; that, where that acceptance is conditional or a new element is contained in it, there is no agreement, but such condition or new matter engrafted is to be deemed and treated as a rejection of the offer.

In the state of the case made by the appellant, it is my judgment that the rule announced has no application. If, when appellant's offer to teach the school at $95 per month had been rejected by the modification of the salary, the board had rested, then the rule stated in support of the decision reached would have applied. This, however, is not the situation, as is to be observed

from the statement of facts formulated by the majority and which fairly reflects appellant's evidence. He was acceptable to the majority as a teacher, but the price set by him for his services was thought to be too much and it was then agreed to hire him at a salary of $90 per month if he would accept the same. This was a rejection of the application of the appellant but it was also something more. It was a counter offer which the appellant had the right to accept within a reasonable time, in which there would arise a contract, the action on the part of the board having been taken at a time and place where it was authorized to act.

"A counter proposition operates as a rejection of an offer, even if the offeree performs some services referable to such offer * * *. Since the acceptance with a modification is at least a counter offer, it may be accepted by the original offeror and thus may constitute a contract." Page on Contracts, § 184; *Iron Works* v. *Douglass*, 49 Ark. 355, 5 S. W. 585.

As I view it, the situation in legal effect is as if appellant had filed no application with the board, but that it, without any such, had agreed for him to teach the school at $90 per month, and, this being communicated to him, he within a reasonable time had accepted. In such state of the case, it seems to me there could be no question but that under the rule stated and our decisions there would have arisen a binding contract. *Kempner* v. *Cohn*, 47 Ark. 519, 1 S. W. 869; *Emerson* v. *Stevens Grocery Co.*, 95 Ark. 421, 130 S. W. 541; *Blanton* v. *Manufacturing Co.*, 138 Ark. 508, 212 S. W. 330; *Jerome Hdw. Co.* v. *Davis Bros. Lbr. Co.*, 161 Ark. 197, 255 S. W. 906; *Southern Surety Co.* v. *Phillips*, 181 Ark. 14, 24 S. W. (2d) 870.

The general rules governing the making and construction of contracts have been uniformly applied to such as were made by school districts or other *quasi* corporations, subject only to some statutory limitation, and the rule that an offer made when accepted within a reasonable time constitutes a completed contract when made by school boards. *Morton* v. *Hancock Co.*, 161 Tenn. 324, 30 S. W. (2d) 252; *Baxter* v. *School District*,

217 Mo. App. 389, 266 S. W. 760; *Picou* v. *St. Bernard Parish* (La.) 132 So. 130.

*Lee* v. *Mitchell,* 108 Ark. 1, 156 S. W. 450, was a case where the majority of a school board at a meeting attended by all of the directors and participated in by all of them agreed to hire a teacher, who was not present, at a certain salary. The contract was drawn and signed by the president and secretary of the board and then sent through the mail to the teacher who accepted and signed the contract. The contract was attacked as invalid, but this court upheld it.

The argument made by the appellee district, which appears to have weight with the majority of this court, is that the signing of the contract was at a time when the board was not in session and when one of the directors was absent from the State, and therefore that this was the time when the contract was made, and it is invalid under the rule announced in the case of *School Dist.* v. *Bennett,* 52 Ark. 511, and the case of *School Dist.* v. *Jackson,* 110 Ark. 262, 161 S. W. 153, that no contract can be made except at a meeting of the school board. This contention overlooks the fact that the contract was made at a meeting of the board (subject to acceptance or rejection by the teacher), and the written contract was merely the evidence of its former action. It would therefore be immaterial when or where the contract was actually signed if it was signed within a reasonable time. *Lee* v. *Mitchell, supra; School District* v. *Hundley,* 126 Ark. 622, 191 S. W. 238.

I therefore respectfully dissent from the opinion of the majority.