WATSON *v.* TROTTER.

4-3257

Opinion delivered December 18, 1933.

*J. D. Benson* and *G. C. Carter,* for appellant.

*Cochran, Arnett & Woolsey,* for appellee.

McHANEY, J. On May 20, 1933, the annual school election was held in School District No. 20, Ozark District, Franklin County, for the purpose of electing three directors, for the one, two and three-year terms. There were six candidates, two being rival candidates for the one-year, two for the two-year and two for the three-year terms. Their names were placed on the blackboard in the school house where the election was held, showing them to be candidates for directorships for the respective terms of one, two and three years, and all the electors voting were so advised, but in casting their

ballots, the voters failed to designate thereon the term of office of the candidate for whom they voted. The election officials made and certified the returns of the election to the county court, as follows: For Cartwright and Crowell, candidates for the one-year term, 14 votes each; for Powell and Riddle, candidates for the two-year term, 13 and 18 votes respectively; for Trotter and Alston, candidates for the three-year term, 15 votes each. Upon the returns so made and canvassed, the county court found that Riddle was elected for the two-year term, and that for the one and three-year terms, no person had been elected, and he thereupon (June 8, 1933) made an order calling a special election in said district to elect two directors, for the one and three-year terms, to be held July 5, 1933, and, on the same date, caused a notice of such election to be published in a newspaper published in said county and district. The order was not filed with the county clerk until June 23, 1933.

On June 20, 1933, this action was instituted in the circuit court against the county judge, and others, for certiorari to bring up the record from the county court, for a writ of prohibition against the latter to prevent the holding of the special election, and to enjoin its being held. The circuit court granted the relief prayed, and this appeal followed.

We think the circuit court was without jurisdiction to hear and determine the matter complained of, and in this respect the case is ruled by the decision of this court in the recent case of *Shimek* v. *Janesko, ante* p. 418, and in some other respects by the case of *Watson* v. *Gattis, ante* p. 376.

The duties formerly devolving upon county boards of education are now transferred to the county courts. Section 3, act 26 of 1933, and § 2, act 247 of 1933. The returns of this election were made to the county court, who canvassed same and made the finding hereinbefore set out. There was no contest instituted before the court. It may be well to repeat in this connection what we said in the Gattis case, *supra*: "The law does not require that the ballots used in a school election be printed, but it does require that they be either printed or written,

There is no such thing as voting orally or conditionally. Section 3 of article 3 of the Constitution requires that, 'All elections by the people shall be by ballot,' and the ballot itself must express the elector's will. The elector himself would not be permitted to testify that, having failed to vote specifically for any candidate for any particular term, he nevertheless intended that his ballot should express his assent that when his ballot had been counted it should be treated as having been cast for the highest candidate for the longest term," etc. This election was therefore invalid under the holding in this case. The county court ascertained from the returns made that neither of the candidates for the one and three-year terms was elected.

We are also of the opinion that the county court had the power, and properly exercised it, to call a special election. Section 78 of act 169 of 1931, so provides. It reads as follows: "Special elections shall be held in school districts when called by the county board of education (now county court), and shall be held by the same officials at the same polling places, and the return shall be made, canvassed and published in the same manner as is provided by law for annual school elections in such district. At such special elections shall be submitted any question that needs to be, or may be, submitted to the electors of the school district."

Section 93 of the same act provides that, "Vacancies on the board of directors shall be filled by the remaining directors;" and it is argued by appellees that this method is exclusive, and shows that the election of directors is not one of the purposes of a special election provided for in § 78. We cannot agree with this argument. Section 93 first provides for six directors for each school district, who shall each serve for three years, or until his successor is elected and qualified. It then provides that vacancies may be filled by the remaining directors. This provision was made for vacancies caused by death, resignation or removal from the district, and not for vacancies caused by a failure of any candidate to receive the highest number of votes for the term for which he was a candidate at any annual school election.

We do not think the lawmakers intended, in case of a tie vote, as is the situation here, that the candidate who was elected could appoint the other two. Moreover § 93 was repealed by § 3, Acts 1933, p. 156. Section 78 is broad enough to cover special elections for school directors, and we hold the county court had the power to call the election in this case, and properly did so, because no candidate for the one or three-year terms was elected at the regular election.

The judgment will be reversed, and the cause dismissed.