Dukes v. Cohen.

4-4112

Opinion delivered January 27, 1936.

*Everett Simpson* a n d *W. A. Singfield,* for appellants.

*Williamson & Williamson,* for appellee Cohen.

*John Baxter,* for appellee Abroms.

McHANEY, J. Appellant, Isabella Dukes Halcomb, is the mother of appellant T. B. Dukes, and is the widow of the late G. D. Dukes, a colored physician, who died some years ago in Dermott, Arkansas, leaving his widow, appellant T. B. Dukes, and M. M. Dukes, his sons, as his sole surviving heirs at law who inherited lot 5, block 1, in Dukes' Addition to Dermott, generally known as the Dukes' estate property. The north 100 feet of this property was occupied by a two-story brick building, the ground floor of which on the main business street of Dermott, was occupied by A. Abroms, who had been a tenant for about 14 years. Another tenant was on the second floor of the building and there were some vacant rooms on this floor. On the south 50 feet of said lot were located some one-story brick shops and store-rooms. A mortgage was held on this property by L. W. Dillard, of Monticello. Isabella owned a life estate in this property, and her sons the remainder interest. The store-room of the two-story building had been rented to A. Abroms at $140 per month, and at the time this controversy arose he was in arrears for rent in the sum of $720. The Dukes heirs had fallen behind in the payment of taxes and insurance on the property as well as interest on the mortgage indebtedness, and Mr. Dillard had noti-

fied them that, unless these delinquencies were looked after, he would require the payment of the mortgage indebtedness. In December, 1933, the city council of Dermott had condemned the two-story building as dangerous. Appellee Joseph Cohen is a dry goods merchant in the city of Dermott and a competitor of appellee Abroms. In December, 1934, appellee Cohen approached Isabella with an offer to buy the two-story building. On the 6th day of January, 1934, appellants made an offer to sell appellee Cohen the north 100 feet of said lot for $500 cash and the assumption of the mortgage in favor of Mr. Dillard. The offer to sell was in writing and is as follows:

"Dermott, Arkansas. January 6, 1934.

"For a cash consideration of $500 (five hundred dollars), we the Duke estate, agree to sell all rights, title, and holdings in the building now occupied by A. Abroms on the first floor and John Baxter and vacant rooms on the second floor.

"We forever give up any rights to title in said building.

"Joseph Cohen to take over mortgage on building now held by Mr. Dillard.

"This property is known as the original Dukes estate.

"(Signed) T. B. Dukes."

Appellee Cohen would not accept this offer at that time but desired to consult with Mr. Dillard, which he did the next day, Sunday, January 7. On January 8, appellants and Sam Nussbaum, the son-in-law of appellee Cohen, went to consult an attorney in Lake Village to get him to prepare a deed for the Dukes heirs to sign. Acting under instructions, the attorney consulted by Nussbaum, with appellants present, prepared a deed for the Dukes heirs to sign conveying the whole of lot 5, by warranty deed to Mrs. Jennie Nussbaum, appellee Cohen's daughter, and in addition an assignment to her of the rent due from A. Abroms to Isabella Dukes; he also prepared a quitclaim deed from Jennie Nussbaum to Isabella Dukes Halcomb to the south 50 feet of said lot for life with the remainder to T. B. Dukes. Appellants

did not wait for the deeds to be prepared but returned to Dermott where some time during the day they sold the north 100 feet of said lot, including the two-story building, to A. Abroms. About eight o'clock on the night of the 8th of January, appellee Cohen presented the deed to appellants, offered to pay the $500 cash for the deed, but they refused to sign same because they had already sold to Abroms. Thereafter, this suit was brought for specific performance against appellants and Abroms. A trial resulted in a decree against appellants, but the court found that specific performance was impossible because Abroms was an innocent purchaser, and he gave judgment against appellants in favor of appellee Cohen for $1,200. This appeal is from that judgment.

We think the learned trial court was in error in so holding, for a number of reasons. The first is that appellants' offer to sell was never unconditionally accepted. The offer to sell was in writing and is set forth hereinabove. There is no acceptance indorsed on the writing, and none is shown in the evidence either orally or otherwise on the terms of the written offer. The second is that appellee introduced in evidence the warranty deed which was prepared by his attorney and which appellants refused to sign which proposed to convey to Jennie Nussbaum the whole of lot 5, block 1, Dukes' Addition to Dermott, Arkansas, and not simply the north 100 feet of lot 5, block 1, which the parties agree the written offer referred to. The third is, that this warranty deed also conveyed to Jennie Nussbaum the past-due rent owing by A. Abroms to appellant Isabella. This matter of the past-due rent was not contained in the offer, and it amounted to $720, which was due in December, 1933, to say nothing of the rent that had accrued for the month of January, 1934. It is no answer to say that appellee Cohen also had prepared a quit-claim deed from Jennie Nussbaum to appellants of the south 50 feet of said lot which she would have signed. It was never contemplated that the title to the south 50 feet of said lot should pass out of appellants, and there might be a very cogent reason why appellants did not desire the title thereto conveyed to her or any other person with a quit-

claim deed back to them therefor, as there might be a judgment against Jennie Nussbaum which would be a lien on the property the instant it passed to her and which she could not convey back to appellants, free from such lien. Neither is it any answer to say that the matter of rents was to be conveyed to appellee and he was to pay the past-due taxes, insurance and interest due Mr. Dillard, because nothing was said in the written offer to sell regarding these matters. In the recent case of *Smith* v. *School District No. 89,* 187 Ark. 405, 59 S. W. (2d) 1022, this court said: "It is elementary law that, where a party submits an offer of a contract, this offer must be accepted without reservations. Any reservations or limitations in the acceptance in law is a rejection of the offer." In the same case this court quoted with approval from the case of *Horgan* v. *Russell,* 24 N. D. 490, 140 N. W. 99, 43 L. R. A. (N. S.) 1150, the following:

"It is the settled law of this State that, before an acceptance of an offer becomes a binding contract, the acceptance must be unconditional, and must accept the offer without modification or the imposition of new terms."

We are therefore of the opinion that the written offer as made by appellants was never accepted except upon new conditions and upon new terms imposed by appellee, and that therefore this amounted to a rejection of the offer, and that appellants were free to sell to Mr. Abroms as they did.

The decree of the chancery court is therefore reversed, and the cause remanded with directions to dismiss the complaint for want of equity. It follows also that the appeal and cross-appeal of appellee Cohen is affirmed.