CENTER HILL SCHOOL DISTRICT No. 32 *v.* HUNT.

4-4832

Opinion delivered November 29, 1937.

*Glover & Glover,* for appellants.

*Farmer Tackett* and *Elmer Tackett,* for appellee.

HUMPHREYS, J. Appellee brought this suit against appellant in the circuit court of Hot Spring county to recover $300 on a written contract to teach the school in Center Hill School District No. 32 in said county for a

term of six months beginning July 8, 1935, at $50 per month, alleging that although the contract was signed by only two out of the three directors of said district, it was a valid contract; that he appeared at the school house on July 8 for the purpose of entering upon his duties as teacher, but was refused admittance to the school house, and was forbidden to teach the school by the board of directors; that he was unable to get another school, and that on account of the breach of the contract he was damaged in the amount of $300.

Appellants interposed the defense that the contract was invalid, and that appellee was not damaged in any amount.

The cause was submitted upon the pleadings and evidence at the conclusion of which each party asked an instructed verdict and requested no other instructions. Thereupon, the court found that the contract was valid, and that appellant had breached the same to the damage of appellee in the sum of $300, and, in accordance with the findings, rendered judgment against appellants for the amount sued for, from which is this appeal.

All the directors had been duly elected, and none of them had died or resigned at the time the contract was signed by two of the directors and appellee. W. H. Thacker, C. W. Massey and J. W. Skates were the duly elected directors of said district. No notice was given of a meeting, but all of them got together near W. H. Thacker's home, Thacker testifying that they did not meet by agreement to elect a teacher, and C. W. Massey and J. W. Skates testifying that the meeting was by agreement for the purpose of electing a teacher for the district for the ensuing term. W. H. Thacker admitted that they discussed the selection of a teacher, and that several applications to teach the school had been filed, but testified that C. W. Massey and J. W. Skates wanted to employ appellee, and that he favored the selection of Mr. Louton, and that he told them he was opposed to appellee, but that, if they would agree to select anyone of the other applicants except appellee, he would make it unanimous and sign a contract; that they refused to

select anyone of the others, and that the meeting ended, and that no vote was taken.

C. W. Massey and J. W. Skates testified that they took a vote on the selection of the teacher, resulting in two votes for appellee and one vote for Mr. Louton; that C. W. Massey subsequently wrote up the minutes of the meeting to that effect, but that they were never submitted to or approved by the board. After the meeting C. W. Massey and J. W. Skates signed a written contract with appellee for his employment to teach the ensuing term of six months for $50 a month. The contract was introduced as evidence which was signed by C. W. Massey, J. W. Skates and appellee.

Appellants offered to introduce testimony tending to show that, in December, several months prior to the execution of the contract, C. W. Massey had moved out of the district, and had turned the books over to W. B. Thacker stating that he did not intend to act as a director any longer. The court excluded the evidence assigning as a reason that removal of a director from the district did not create a vacancy. Appellants contend that the court erred in excluding the testimony. Even though the removal of a director from a district creates a vacancy, no prejudice resulted to appellants on account of the exclusion of this evidence as the vacancy had not been filled by the remaining members of the board, nor had a successor been appointed by the county court to succeed Massey, and as Massey assumed to and did act in making this contract. In assuming to and in acting as a director he was a *de facto* officer, and his acts were binding on the district as much so as if he had not removed out of the district. Of course, if a successor to Massey had been appointed by the remaining directors or the county judge, C. W. Massey could not have acted as a *de facto* officer. This court indicated in the case of *Watson* v. *Trotter,* 188 Ark. 485, 66 S. W. (2d) 634, that a removal from the district would create a vacancy, although there is no statute specifically saying so; yet, in the case of *Carroll* v. *Leemon,* 175 Ark. 274, 299 S. W. 11, this court recognized that where vacancies existed ineligi-

ble directors might act as *de facto* officers and bind the district. In that case it was said by the court:

"As to who are officers *de facto*, in the case of *Faucette* v. *Gerlach,* 132 Ark. 58, 200 S. W. 279, this court quoted from Constantineau on the *de facto* doctrine as follows : 'A person who enters into an office and undertakes the performance of the duties thereof by virtue of an election or appointment, is an officer *de facto*, though he was ineligible at the time he was elected or appointed, or has subsequently become disabled to hold the office.' Indeed, it is settled by the current of authority almost unbroken for over 500 years in England and this country, that ineligibility to hold an office does not prevent the ineligible incumbent, if in possession under color of right and authority, from being an officer *de facto* with respect to his official acts, in so far as third persons are concerned. The reason of the rule is that 'the eligibility of an officer is as difficult of ascertainment as his actual election, and sound policy requires that the public should be no more required to investigate the one than the other, before according respect to his official position.' "

"And the court, in stating the general rule in the same case, said: 'The general rule is that the official acts of *de facto* judicial officers, within the scope of their jurisdiction, are as valid and binding as if they were the acts of *de jure* officers.' *Inland Construction Co.* v. *Rector,* 133 Ark. 277, 202 S. W. 712; *School Dist. No. 54* v. *Garrison,* 90 Ark. 335, 119 S. W. 275."

Since the court sitting as a jury found the facts to be that there was a meeting by the directors to employ a teacher, and that all three directors participated in the meeting, the contract was valid under the rule announced in the case of *Carroll* v. *Leemon Special School District, supra; School District No. 45* v. *McClain,* 185 Ark. 658, 48 S. W. (2d) 841. Appellants contend that no notice was given of the meeting, but where all participate in a meeting notice is not necessary. *School District No. 68* v. *Allen,* 83 Ark. 491, 104 S. W. 172.

Appellants contend that the directors had no right to employ appellee for more than three months citing § 8952 of Crawford & Moses' Digest in support of their

contention. That section of the Digest was repealed by act 169 of the Acts of 1931. Section 167 of act 169 of the Acts of 1931 reads as follows:

"There shall be taught in all of the common or elementary schools of this state such subjects as may be designated by the state board of education or required by law. * * * All common schools of this state shall be open and free for at least six months each year."

Appellants also contend that the court erred in not submitting the question of appellee's damages to the jury. There is no evidence in the record which warranted the submission of appellee's damages to the jury. Appellee testified that he could not get another school as the surrounding districts had already elected teachers. It is true that he said he had worked around home, and had gathered his crop which had been laid by before the school term began. There is nothing to show how much crop he had or what it was worth to gather it. We think the undisputed facts show that he earned nothing after he was discharged, and, this being true, there was no question as to the amount he earned or could have earned to submit to the jury.

No error appearing, the judgment is affirmed.