# W. H. ROUNSAVILLE *v.* VAN ZANDT REALTORS, INC., AND R. J. NASH COMPANY, INC.

5-5091                                              447 S. W. 2d 655

Opinion delivered December 8, 1969

*Hardin, Barton, Jesson & Dawson,* for appellant.

*Shaw & Bedwell,* for appellees.

GEORGE ROSE SMITH, Justice. The controlling question is whether the plaintiff-appellant Rounsaville's offer to buy a piece of commercial property from the appellee R. J. Nash Company was so unconditionally accepted by Nash as to have resulted in an enforceable contact. The chancery court, to which the case was transferred, entered a decree upholding the contract and requiring Rounsaville either to complete the purchase or to forfeit the $2,500 in earnest money which he seeks to recover from the seller.

No essential fact is in dispute. On April 1, 1968, Rounsaville, who was occupying the building in question along with another tenant, delivered to Van Zandt Realtors a written offer to buy the property for $50,000. Rounsaville inserted three conditions in the offer-and-

acceptance form: (1) The building to be treated for termites; (2) the roof to be repaired to stop leaks; and (3) the offer to be binding on Rounsaville only if accepted within one day. Rounsaville deposited $2,500 earnest money with Van Zandt.

On the same afternoon Van Zandt submitted the Rounsaville offer to the seller's agent, Virgil Bracken. Tommy Van Zandt testified without dispute that Bracken said that "he wouldn't want to just sign a blank check" for the termite work and roof repairs. Hence Van Zandt and Bracken wrote into the contract a $100 maximum limitation upon each of those items. They also inserted a condition that the sale would be subject to existing leases and a statement that the seller would pay a real estate commission of $3,000.

About a week or ten days later Van Zandt told Rounsaville about the changes in the contract. Rounsaville at once said that the limitations were not according to his agreement and that he would just forget about the whole deal. Rounsaville has steadfastly adhered to that position; there is not even a hint that he has ever agreed to the changes in the contract.

Despite Rounsaville's firm rejection of the agreement, Van Zandt and Nash went ahead, between that rejection and the recited closing date of July 1, with the performance of the original conditions. The building was termite treated at a cost of $231, and a new roof—which was needed anyway—was put on at a cost of $705. Both Tommy Van Zandt and Virgil Bracken testified at the trial that their undisclosed agreement between themselves was that the two $100 limitations were solely for Nash's protection and that if the actual cost of the work exceeded the limitations the excess would be paid by Van Zandt from the $3,000 commission. It also turned out that the existing lease held by the other tenant in the building was allowed to expire without renewal before the proposed closing date; so the seller's added con-

dition that the sale be subject to existing leases would not have proved to be detrimental to the purchaser.

The chancellor was in error in holding that Rounsaville cannot be heard to complain about Nash's changes in the agreement, merely because they eventually proved to be of little practical consequence. Rounsaville's offer allowed but one day for acceptance. An acceptance, to be effective, must be identical with the offer. The introduction of new terms doubtless indicates a willingness to negotiate further, but such a response is a counteroffer that must in turn be accepted by the other party. *Smith* v. *School District No.* 89, 187 Ark. 405, 59 S. W. 2d 1022 (1933). That final step was lacking here.

Rounsaville, one day after the submission of his offer, certainly did not have an enforceable contract that was acceptable to him. His insistence upon termite treatment and roof repair had been diluted by limitations that materially changed the terms of the offer. Had the work proved defective he would have had no recourse against Nash. Moreover, it lay within the seller's power to lease at least part of the building to another tenant upon terms perhaps wholly repugnant to the purchaser. The law wisely holds that business transactions should not be subject to such uncertainties. Rounsaville, as a prospective purchaser, was entitled to a yes-or-no answer upon his own terms. He should not have been compelled to submit to a delay of days, of weeks, or even of months, while the seller determined in the light of later events whether the proposed sale would eventually prove to be one that it was willing to make.

Reversed and remanded for the entry of a decree restoring the earnest money to Rounsaville, with interest and costs in both courts.