## William D. YOUNTS *v.* CITY OF NORTH LITTLE ROCK

87-351                                744 S.W.2d 715

Supreme Court of Arkansas
Opinion delivered February 16, 1988

*L. Gene Worsham*, for appellant.

*Philip E. Kaplan*, and *Joann C. Maxey*, for appellee.

ROBERT H. DUDLEY, Justice. In 1983 the Mayor and City Council of North Little Rock were having numerous differences with William Younts, the Chief of Police. The City Council wanted to replace Younts, the appellant, and, in an effort to do so, passed Ordinance 5554 on July 26, 1983. The ordinance was an offer of settlement in which the City, the appellee, agreed to pay appellant "all the normal retirement benefits that any employee of the City of North Little Rock would expect to receive upon his retirement which include accumulated vacation pay, accumulated sick pay and discretionary days." The only mention in the ordinance of compensatory time, or accumulated overtime pay, was as follows: "The City Council agrees not to interfere with any *right* William D. Younts may have *to* immediate pension *benefits based on* parity pay and *compensatory time.*" (Emphasis added.) The ordinance provided that the offer would be withdrawn if not accepted by 3:00 p.m. the next day. On the next day, July 27, the appellant submitted his resignation in an attempt to accept the offer. However, his acceptance included a provision that called for payment to him of accumulated compensatory time. The appellee found the provision unacceptable and, in the exchange of letters which followed, made it clear that it had no intention of paying compensatory time. The parties continued to negotiate the terms for the resignation and finally, on August 2, 1983, entered into a settlement agreement. The written settlement agreement expressly left the determination of entitlement to compensatory pay open to resolution by the courts.

The appellant filed suit, claiming entitlement to 872 hours of compensatory time. The lower court looked to Ordinance 5172, a 1980 ordinance, which in part provides, "Compensatory time may be accumulated not to exceed ten (10) days but must be used within twelve months." The court held that under this ordinance the appellant could not accumulate overtime in excess of eighty hours, or ten days at eight hours per day. The appellant brings this appeal, asserting that for several reasons the trial court erred in imposing the ten day limitation. We find the appellant's arguments are without merit.

The appellant first argues that he is entitled to 872 hours because of assurances given him by various "agents" of the appellee City prior to his attempted resignation of July 27, 1983. The lower court rejected his argument, stating in its Order that

"these discussions were merely part of the negotiations to the settlement and did not establish an entitlement." We agree. Even if the alleged assurances induced the appellant to submit the July 27 resignation, that resignation altered the terms of the offer. Therefore, the resignation was not an acceptance which created a binding contract; it was instead a counter-offer which operated as a rejection of the offer. *See Smith* v. *School District No. 89*, 187 Ark. 405, 59 S.W.2d 1022 (1933). A binding contract did not arise until the August 2 settlement, and, prior to that time, the appellee had clearly repudiated any assurances given.

■ The appellant next argues that Ordinance 5172 was repealed by the following language in the original offer: "All ordinances or parts of ordinances in conflict herewith are hereby repealed to the extent of the conflict." The argument fails for two reasons. First, there is no conflict between Ordinances 5554, the original offer, and 5172, the ten day limitation, since the offer did not include a provision for the payment of compensatory time. Second, Ordinance 5554 on which the appellant seeks to rely never took effect since it was withdrawn by its own terms when it was not properly accepted by the deadline.

■ The appellant's final argument is that he is entitled to all compensatory time claimed under the provisions of Ark. Stat. Ann. § 19-1712 (Repl. 1980). This statute, which now appears with slightly amended language at Ark. Code Ann. § 14-52-205 (Supp. 1987), provides in part that police officers are entitled to overtime pay for all hours over forty worked in a given week. We find the appellant's argument unconvincing for a number of reasons, none of which is more striking than the fact that this case involves the chief of police, and, thus, the statute is simply inapplicable. The statute is directed toward "police officers" and itself makes a distinction between "police officers" and the "chief of police."

The trial court ruling that the appellant was limited to the accumulation of ten days of compensatory time was correct, and, therefore, is affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. Chief Younts made it clear from the commencement of negotiations that he expected to

be paid for accumulated compensatory overtime. The City Council agreed and inserted a provision in the ordinance agreeing not to interfere with either his right to "pension benefits" or "compensatory time." He made diligent inquiry at the city hall about his compensatory time and specifically made his acceptance conditioned upon payment to him of his "compensatory time." The city did not reject his conditioned acceptance until long after the deal was struck. Although the city may not have intended to pay compensatory time, such intention was not manifested until much later when it decided not to pay the chief's compensatory overtime in full.

I believe Chief Younts is entitled to payment for compensatory overtime to the extent revealed by the records at city hall where he was required to daily submit a record of the hours he worked. A citizen ought to be able to deal in trust and confidence with his government.