HEMINGWAY *v.* GRAYLING LUMBER CO.

Opinion delivered October 16, 1916.

1. JUDGMENTS—BREACH OF CONTRACT—SUITS PIECEMEAL.—Where a contract is in its nature indivisible, it cannot be split up into several causes of action and sued upon piecemeal, or made the basis of several separate suits; but a recovery for one part will bar a subsequent action for the whole, the residue, or another part.

2. JUDGMENTS—BREACH OF CONTRACT—RES ADJUDICATA.—Plaintiff agreed to haul logs for defendant for a certain length of time for a certain price. Before the expiration of the time set in the contract, defendant committed an entire breach of the same, and in an action for such breach plaintiff recovered damages. *Held,* plaintiff cannot thereafter maintain an action for damages accruing since the rendition of the first judgment.

Appeal from Desha Circuit Court; *W. B. Sorrells,* Judge; affirmed.

*F. M. Rogers,* for appellant.

1. The first ground of demurrer is not well taken. Former adjudication can only be put in issue by plea or answer. The rule is that in actions for damages, only such as have accrued at the time of trial of the suit can be awarded. 58 Ark. 622; 78 *Id.* 342.

2. This action is based upon Kirby's Digest, § 6291 and the second ground of demurrer should have been overruled. 58 Ark. 622; 78 *Id.* 342; 23 Cyc. 1175. The case 83 Ark. 545 does not apply. The demurrer should have been overruled.

*J. Bernhardt,* for appellee.

No cause of action was stated. 23 Cyc. 1174; 58 Ark. 621; 63 *Id.* 259; 64 *Id.* 94; 78 *Id.* 336.

Kirby's Digest, § 6291 does not change the rule. 83 Ark. 547. Only *one* recovery can be had.

KIRBY, J. Appellant brought this suit for damages for breach of a contract for hauling logs for appellees for the remainder of the year 1915, after February, which appellees agreed to have cut, and have ready for hauling during said period, and agreed to pay the specified prices for a haul not exceeding one-fourth of a mile, and for all

delivered which were hauled exceeding one-fourth but not exceeding one-half a mile, and for all which were hauled exceeding one-half but not exceeding three-fourths of a mile; and for all hauled over three-fourths but not exceeding one mile.

The complaint alleges that appellant entered into the performance of said contract and hauled and delivered logs thereunder until the 13th of May, 1915, at which time appellees, without cause, refused to permit appellant to continue the further performance thereof and further, "Plaintiff states that on the 28th day of August, 1915, he recovered judgement for damages sustained by him by reason of said breach of said contract by defendants, covering the period between the 13th day of May, 1915, and the date of said judgment; that he now sues for the recovery of damages accruing since said 28th day of August, 1915." He claims damages in the sum of ten thousand dollars.

A general demurrer was interposed and also a special demurrer alleging that the complaint shows upon its face the matters included therein are *res adjudicata*. The demurrer was sustained and appellants electing to stand upon the complaint, judgment was rendered dismissing the action, from which this appeal is prosecuted.

The complaint shows that the suit is upon the same contract for the breach of which an action for damages has already been maintained and that this action is prosecuted for the same breach of the contract, for damages accruing since the rendition of the first judgment. Its allegations show an entire breach of the contract and abandonment of its further performance by appellees, and no reason is disclosed why all the damages resulting from the alleged refusal of appellees to permit appellant to perform the contract did not accrue upon the breach thereof.

"Where a demand or right of action is in its nature entire and indivisable, it cannot be split up into several causes of action and sued piece-meal, or made the basis of as many separate suits; but a recovery for one part will bar a subsequent action for the whole, the residue,

or another part.'' 23 Cyc. 1174; *Van,Winkle* v. *Satter-field*, 58 Ark. 621; *Spencer Medicine Co.* v. *Paul*, 78 Ark. 336; *Reynolds* v. *Jones*, 63 Ark. 259; *St. L., I. M. & S. Ry Co.* v. *Paul*, 64 Ark. 94.

Appellant insists however that he was entitled to maintain this action under the terms of Section 6291 Kirby's Digest, providing: ''Successive action may be maintained upon the same contract or transaction, whenever, after the former action, a new cause of action has arisen therefrom,'' but only attempts to allege damages accruing since the rendition of the first judgment for the same breach of contract for which damages were recovered in that suit and not a new cause of action arising therefrom, and his contention can not be sustained under said statute. *National Surety Co.* v. *Coates*, 83 Ark. 547.

The demurrer was properly sustained and the judgment is affirmed.