CARROLL *v.* LEEMON SPECIAL SCHOOL DISTRICT.

Opinion delivered October 31, 1927.

1. SCHOOLS AND SCHOOL DISTRICTS—PATRONS OF SCHOOL.—Under Crawford & Moses' Dig., § 9029, requiring a petition of two-thirds of the patrons before a relative of school director may be

employed as a teacher, the term "patrons" embraces the heads of families only, including the school directors.

2. SCHOOLS AND SCHOOL DISTRICTS—DE FACTO DIRECTORS.—Persons elected by the directors of a school district to fill the vacancies on board caused by the removal of two of the directors from the district, who assumed the duties of that office, though not de jure officers, were officers de. facto.

3. SCHOOLS AND SCHOOL DISTRICTS—VALIDITY OF EMPLOYMENT OF TEACHER.—In an action by a teacher on contract awarded by school directors at a meeting, in which two of the six directors failed to participate, held that the district was bound under the contract, notwithstanding two of the directors participating were de facto officers merely.

4. SUNDAY—VALIDITY OF CONTRACT.—Where the terms of a contract of school directors employing the teacher were agreed to on Saturday preceding, the fact that the written instrument witnessing the contract was drawn and signed by the directors on Sunday held not to render void the contract dated and delivered to and signed by the teacher on Monday.

5. SCHOOLS AND SCHOOL DISTRICTS—BREACH OF EMPLOYMENT OF TEACHER—JURY QUESTION.—In an action by a school teacher against the school district, for the breach of a contract of employment, the issue of whether plaintiff sustained any damages as the result of a breach, held for the jury.

Appeal from Monroe Circuit Court; *George W. Clark*, Judge; reversed.

*Bogle & Sharp*, for appellant.

*Lee & Moore*, for appellee.

McHANEY, J. Appellant is a school-teacher, and, under date of April 27, 1925, entered into a written contract with appellee, through four of its six directors, to teach its school for nine months at $100 per month, to begin on September 14. Appellee is a special school district created by special act of the Legislature (act 110 of 1919), with six directors. In January, 1925, the county board of education of Monroe County made an order detaching the lands of J. C. Guthrie and Jess Childress from Common School District No. 30 of Monroe County, and attaching same to appellee district, thereby making said Guthrie and Childress patrons of appellee's school. A month or so thereafter two of the regularly elected directors of appellee moved out of the district, leaving

J. A. Sain, Willie Davis, C. L. Whitted and J. L. Ferguson on the board, Whitted being the secretary. Shortly after the removal of the two members the remaining four held a meeting, at which all were present, for the purpose of filling the vacancies on the board, at which said Guthrie and Childress were elected, but in which Whitted did not participate, he claiming they had no right to act as directors. One meeting of the board as then constituted was thereafter held prior to April 25, in which Whitted and Sain refused to participate. On Saturday night, April 25, a meeting was held at the schoolhouse, at which all the directors were present, but again Whitted and Sain refused to sit in with the other four or to participate in the meeting in any way. At this meeting the other four agreed to employ appellant for the time and on the terms above stated. On the next day, Sunday, the contract was reduced to writing by the four members of the board, signed by them, and delivered to appellant on Monday, the 27th, when she signed it. The terms of the contract were fully agreed upon at the Saturday night meeting.

Appellant is related to two of the members of the board within the fourth degree of consanguinity, and presented a petition to the board, prior to her employment, purporting to contain two-thirds of the patrons of the district, requesting that she be employed as a teacher.

On May 26, 1925, the lands of Guthrie and Childress were put back in District No. 30, and they thereafter ceased to be connected with appellee district. At the regular school election in May, two other directors were elected on the board, and, on the next Saturday, May 29, the new board held a meeting, passed a resolution canceling appellant's contract, and mailed her a copy thereof on the 30th, which she received in due course, and, on June 8, she advised the board she would not surrender her contract. Another teacher was employed in her stead, and on the 30th day of August, 1926, she instituted this action to recover the whole amount of the salary which would have accrued to her as damages for the

alleged wrongful breach of her contract. During the course of the trial the court ruled, over appellant's objection, that the petition to the board for her employment, under § 9029, C. & M. Digest, would have to contain two-thirds of all the patrons of the district, counting as patrons both husbands and wives, both parents of children attending school, and that the directors who signed the petition, although patrons, could not be counted in determining whether the petition contained the necessary two-thirds. Thereupon counsel for appellant stated that, in view of this holding of the court, appellant's petition did not contain two-thirds, and the court, over appellant's objection, instructed a verdict for appellee, hence this appeal.

Appellant contends that the above rulings of the court are erroneous, and call for a reversal of the case. Appellee contends that the court correctly construed the law, but, even not so, that appellant cannot prevail in any event, as she had no valid contract of employment. We will discuss both contentions.

Section 9029, C. & M. Digest, is as follows: "Hereafter all school directors * * * are hereby prohibited from employing any person as teacher in the public schools related to any of them by consanguinity or affinity within the fourth degree, unless two-thirds of the patrons of said school shall petition them to do so."

Appellant admits that she is related within the prohibited degree, and we are required to construe the last clause of the above section, "unless two-thirds of the patrons of said school shall petition them to do so." Who are patrons of a school within the meaning of the statute? Did the lawmakers intend to require the petition to contain two-thirds of both fathers and mothers of school-children? Or two-thirds of the heads of families whose children attend such school? We are of the opinion that the statute has reference to the heads of families, on whom the law primarily places the responsibility of support and education of their minor children, generally the father, and, if none, then the mother, or guardian, as

the case may be, and that both fathers and mothers cannot be counted in determining whether the petition has the required number. There is nothing in the statute that prohibits a director from signing the petition, if he is a patron, and we hold that he may do so. On the question of who is a patron, see *Neal* v. *Bethea,* 158 Ark. 403, 250 S. W. 336.

As to the contention of appellee that Guthrie and Childress were not legal directors, and hence no legal contract, it is conceded they were not *de jure* officers, but we are of the opinion that they were officers *de facto,* and as such, together with the other two, at a meeting of which all had notice and all attended, but in which two of the six did not participate, could bind the district on this contract, provided the petition contained the requisite number of signatures of patrons. As to who are officers *de facto,* in the case of *Faucette* v. *Gerlach,* 132 Ark. 58, 200 S. W. 279, this court quoted from Constantineau on the *de facto* doctrine as follows: " 'A person who enters into an office and undertakes the performance of the duties thereof by virtue of an election or appointment, is an officer *de facto,* though he was ineligible at the time he was elected or appointed, or has subsequently become disabled to hold the office.' Indeed, it is settled by the current of authority almost unbroken for over 500 years in England and this country, that ineligibility to hold an office does not prevent the ineligible incumbent, if in possession under color of right and authority, from being an officer *de facto* with respect to his official acts, in so far as third persons are concerned. The reason of the rule is that 'the eligibility of an officer is as difficult of ascertainment as his actual election, and sound policy requires that the public should be no more required to investigate the one than the other, before according respect to his official position'."

And the court, in stating the general rule in the same case, said: "The general rule is that the official acts of *de facto* judicial officers, within the scope of their jurisdiction, are as valid and binding as if they were the acts

of *de jure* officers." *Inland Construction Co. v. Rector*, 133 Ark. 277, 202 S. W. 712; *School Dist. No. 54 v. Garrison*, 90 Ark. 335, 119 S. W. 275.

It is finally contended that the contract was made on Sunday, and is void for this reason. We cannot agree with appellee. The terms of the contract were agreed to on Saturday night, April 25. The evidence of the contract, the written instrument, was drawn and signed by the directors on Sunday, dated Monday, and delivered to appellant and signed by her on Monday. It is therefore not void for this reason. As to whether she sustained any damages is a question for the jury.

The case is therefore reversed, and remanded for a new trial.