SCHOOL DISTRICT No. 45, POPE COUNTY, *v.* McCLAIN.

Opinion delivered April 25, 1932.

*C. C. Wait,* for appellant.
*Robert Bailey,* for appellee.

McHANEY, J. School District No. 45, until the pas-sage of act No. 169 of 1931, p. 476, was a common school district in Pope County with a board of three directors, composed of C. B. Wait, Jr., E. E. Easley and B. F. Beaumont. In June, 1930, director Easley left Arkan-sas for Oklahoma, either temporarily or permanently, and an election was called under § 8914, Crawford & Moses' Digest, to fill the vacancy caused by the removal of director Easley, and held on July 6, 1930. At this elec-

tion Lee Carns was elected, took the oath of office as such, and his election certified to the county board of education. At a meeting held in September the county board of education declared the election void, and refused to recognize him as director. The appellee was teaching the school in the district during the year 1930-31, and on April 9, at a meeting of the board, of which all the directors were notified and at which directors Beaumont and Carns were present, Wait being absent, a contract was made with appellee to teach a seven months' school in 1931-32, beginning July 6, for two months, with an intermission, and five months to be taught in the fall and winter, at a salary of $90 per month. At the regular school election in May, 1931, after the above contract had been entered into, a new board of six directors was elected under the provisions of act 169 of 1931, and this new board refused to permit appellee to teach the school, or to recognize her contract with the old board. She thereafter brought this suit to recover $630 as damages for breach of the contract. At the time of the trial only two and one-half months of the school term had elapsed, and the court instructed a verdict against appellants for $225, the salary that had accrued at the time of the trial, and refused to permit a recovery for the four and one-half months still to run. Upon this verdict judgment was entered, from which both parties have appealed.

Appellants demurred to the complaint, which was overruled, and this is assigned as one of the grounds of error on the direct appeal. The basis of the demurrer is act 169 of 1931. It is contended that, by reason of said act, which became effective on March 25, 1931, all districts having either more or less than six directors were left without a governing body from the effective date of said act until the third Saturday in May, when the regular election for directors was held and six new directors were elected for each such district in the State. This contention is untenable, as it is manifest from said act that the Legislature did not intend to remove the directors of such school districts until the new directors were elected, in

accordance with § 43 of said act. Said section provides that the school directors in all districts which were not dissolved by the provisions of said act, "the school directors now in office, shall continue to serve until the next annual school election." School District No. 45 was not dissolved by the provisions of said act, and the directors thereof continued to serve as such until the election in May. The court properly overruled the demurrer.

On the merits of the case, we are of the opinion that the court correctly directed a verdict in appellee's favor, unless director Carns was not a director, and that the action of the board in making the contract with appellee is void. We are of the opinion, however, that Carns was a *de facto* director, if not *de jure,* and that appellee was not required to inquire into his authority to act in order to preserve the validity of her contract. We have had occasion to pass upon the same or similar questions in the cases of *Gardner* v. *North Little Rock School Dist.,* 161 Ark. 466, 257 S. W. 73, and *Carroll* v. *Leeman Special School District,* 175 Ark. 274, 299 S. W. 11. The reasoning adopted by the court in these cases applies with equal force here.

On the appeal of appellee, all that need be said is that she was not entitled to recover the full amount she would have earned under the contract at the time this case was tried because she may have since that time obtained other employment which would reduce the amount of her recovery subsequent to the trial.

The case will therefore be affirmed, both on the appeal and the cross-appeal.