## NOLAN v. CITY OF OWENSBORO.
### No. 6560.

Circuit Court of Appeals, Sixth Circuit.

Feb. 15, 1935.

W. H. Bracklow, of Detroit, Mich. (Colby, Berns & Costello, of Detroit, Mich., Beckham Overstreet and Karl D. Malone, both of Louisville, Ky., and William J. Crowe, of Oklahoma City, Okl., on the brief), for appellant.

O. L. Fowler, of Owensboro, Ky. (John A. Dean, Jr., Ben D. Ringo, Clements & Clements, and Sandidge & Sandidge, all of Owensboro, Ky., on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

HICKS, Circuit Judge.

Suit upon a balance claimed to be due upon a contract. Appellant was a contractor and appellee a municipal corporation organized under the laws of Kentucky.

The petition alleged that the board of commissioners of appellee, under the authority of an ordinance duly enacted, advertised for bids for the construction of a sewer system in accordance with plans and specifications theretofore adopted; that appellant was the successful bidder, and thereafter a contract was entered into between appellant and appellee for the execution of the work; that the contract provided appellant should receive compensation according to the prices contained in his bid which was made a part of the contract; that appellant fully completed the sewer system according to contract, and, the work having been accept-

ed, appellee thereupon became indebted to appellant in the sum of $1,104,993.47; that of that sum appellant had been paid $891,069.96, and had obtained judgment for $161,433.82 upon an admitted indebtedness in the Daviess circuit court of Kentucky, later affirmed by the Court of Appeals, 242 Ky. 342, 46 S.W.(2d) 490, and that there was due an unpaid balance of $52,489.96, which included $25,502.50 yet owing appellant for certain "grouting" work performed by him in accordance with paragraph 24 of the specifications, for which he was to receive an extra price of $5 per barrel of cement used.

The amount to be paid appellant upon the sewer work proper, upon completion of the contract, was based on the lineal feet of the sewer lines, or the cubic yards or surface area of the material furnished in place, or the number or weight of articles furnished according to the unit prices of appellant's bid. Under the contract appellant was to furnish whatever was necessary and to "fully complete in every detail, ready for public use, the sewer improvement provided for by the plans and specifications. * * *" These plans and specifications were made a part of the contract.

Appellee answered the petition and denied that it owed appellant anything. It averred that he had been paid the sum of $855 for grouting, and that this was in full for all he had been ordered to do; that the balance of his claim represented 2½ per cent. of the aggregate of his bid to which he was not entitled and which he agreed to deduct if he became the successful bidder for the whole of the sewer improvement work, originally submitted to bidders as three separate projects.

Appellee filed as Exhibit A to its answer a transcript of the record in the state court case, and pleaded that the demands which appellant was attempting to assert accrued to him, if at all, before the institution of the suit in the state court, and were included, or should have been included, in that case, and relied upon the judgment therein as a bar to further recovery. Exhibit A discloses that in the state court appellant filed an original and two amended petitions which we treat as one. Therein he set out the contract, just as he did in the petition in the present suit, and averred that he had fully completed it and that the work had been accepted. He further averred, just as he did in the present suit, that he had received $891,069.96, 85 per cent. of the monthly estimates on the job, and that in addition thereto he was entitled to (1) $8,588.26 which had been allowed but not paid, less $5,000 in undisputed set-offs; (2) an item of $25.50; and (3) the sum of $157,875.56, aggregating 15 per cent. of the monthly estimates approved by the city, and retained by it under the contract until completion of the work. He set forth certain other miscellaneous set-offs, immaterial here, and, after having made the mayor, commissioners, treasurer, clerk, collector, and assessor of appellee defendants to his action, he prayed for a mandatory injunction to compel them to provide for the payment of his claims.

In his original and amended petitions he also prayed for a judgment against the city for the amounts demanded.

Exhibit A further discloses that the city answered, and, after denying its liability, made certain other defenses not here material; that, upon the issues made, the state court, after allowing certain credits, rendered judgment against the city for the amounts claimed as indicated above, and directed that the officials of the city proceed to provide for payment. Subsequent to the affirmance of this judgment by the Court of Appeals it seems to have been paid.

To this answer of appellee (which included Exhibit A as a part thereof) appellant replied and again asserted his demand for the grouting work and undertook to set forth his authority for doing it. He also denied that his proposal to allow 2½ per cent. to be deducted from his bid was a part of his contract, and further denied that the state court case was a bar to his present suit.

Appellee demurred to that part of appellant's reply which denied that the state court judgment was res adjudicata, and the court, being of the opinion that the demurrer went to the sufficiency of the answer under Kentucky practice, sustained it and adjudged that the answer was a complete bar to appellant's right to prosecute his action, and dismissed his suit.

We think the judgment of the District Court was right.

Appellee's answer, taken as true upon demurrer, discloses that appellant and appellee were parties plaintiff and defendant respectively in the prior suit; that each suit was upon the same contract; that appellant had performed his obligation thereunder; that the work had been accepted and that one of the objects of the first suit and the entire object of the second was to recover portions of the price to be paid. It is not material

that the prior suit included as defendants parties other than appellee, nor that it sought an injunction.

■■ The rule is well established that one having a right of action against another may not split his demand and maintain an action upon its separate parts. It is a salutary principle, and we find no basis for departing from it. The estoppel of the state court judgment extended, not only "to every matter which was offered or received to sustain or defeat the claim, but * * * to every other matter which might with propriety have been litigated and determined in that action." Davis v. Mabee, 32 F.(2d) 502, 503 (C. C. A. 6); Kimberly Coal Co. v. Douglas, 45 F.(2d) 25, 28 (C. C. A. 6). See, also, Stark v. Starr, 94 U. S. 477, 485, 24 L. Ed. 276.

■ Appellant concedes the general rule, but contends that his action does not fall within it because the contract is divisible, and therefore the subject of successive actions upon distinct portions thereof, that the grouting provision upon which he sued in the present case was separate from the agreement constituting the principal contract, as was his proposal to accept a deduction of 2½ per cent. on his bid.

We think that both contentions are unsound.

The grouting provision under which appellant obligated himself to fill with concrete any voids under and around the sewer lines when required and directed by appellee's engineers did not become severable because the amount of cement used was made the basis for payment. This difference in the basis of payment does not override the clear intention of the parties that the contract was to be entire and the different parts of it interrelated. Grouting work without any sewer lines would have been worthless and sewer lines without necessary grouting would have been defective.

Further, we do not think that the 2½ per cent. provision can, upon any theory presented, be regarded as standing alone. Appellant was the successful bidder upon the entire project, and the percentage of deduction was an important factor in determining his aggregate bid. We think it manifest from the subject-matter of the agreement, the language used, and the conduct of the parties that they contemplated an entire and not a severable contract, and that it is not susceptible of division into independent parts. See Manhattan Life Ins. Co. v. Prus-

sian Life Ins. Co., 296 F. 39, 41 (C. C. A. 2); also Traiman v. Rappaport, 41 F.(2d) 336, 338, 71 A. L. R. 475 (C. C. A. 3); Moffat Tunnel Imp. Dist. v. Denver & S. L. Ry. Co., 45 F.(2d) 715, 731 (C. C. A. 10); Cosden Oil Co. v. Scarborough, 55 F.(2d) 634 (C. C. A. 5).

It follows, therefore, that the judgment in the state court case was a complete bar to the present action. Washington, A. & G. Steam Packet Co. v. Sickles, 10 How. 419, 441, 13 L. Ed. 479; Elswick v. Matney, 132 Ky. 294, 304, 116 S. W. 718, 136 Am. St. Rep. 180; Newhall v. Mahan, 245 Ky. 626, 54 S. W.(2d) 26; Logan v. Caffrey, 30 Pa. 196, 201; Dutton v. Shaw, 35 Mich. 430; Broxton v. Nelson, 103 Ga. 327, 30 S. E. 38, 68 Am. St. Rep. 97; Hemingway v. Grayling Lbr. Co., 125 Ark. 400, 188 S. W. 1186.

The judgment of the District Court is affirmed.