## PAINE & WILLIAMS CO. v. BALDWIN RUBBER CO.

### No. 8163.

Circuit Court of Appeals, Sixth Circuit.

June 7, 1940.

[6] Pelham Hall Co. v. Carney, D.C., 27 F.Supp. 388; Reed v. Allen, 286 U.S. 191, 52 S.Ct. 532, 76 L.Ed. 1054, 81 A. L.R. 703.

Howard F. Burns and John F. Oberlin, both of Cleveland, Ohio (John Adams, of Cleveland, Ohio, Beaumont, Smith & Harris, of Detroit, Mich., and Oberlin, Limbach & Day and Baker, Hostetler & Patterson, all of Cleveland, Ohio, on the brief), for appellant.

George I Haight, of Chicago, Ill. (Whittemore, Hulbert & Belknap and Clarence B. Zewadski, both of Detroit, Mich., on the brief), for appellee.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

The claims of the patents in suit, held invalid by the District Court, are Claim 3 of Turner, 1,715,523, granted June 4, 1929, on an application filed July 27, 1925, and the single claim of Vrooman, 1,715,-525, granted June 4, 1929, on an application filed May 13, 1927.[1] Appellant, as owner of the patents, which relate to floor coverings for automobiles, appeals from the decree dismissing the bill of complaint.

---

[1] Claim 3 of Turner:

"A floor covering or the like, flexible throughout, comprising a loosely-compacted fibrous base, and an upper wearing-surface layer of flexible vulcanized rubber, said base including a layer of fabric stitched thereto."

Vrooman.

"A covering for floors and the like comprising a resilient, fibrous base and an upper wearing layer of rubber, said upper layer extending beyond said base as a free, flexible margin."

842

The issue of infringement was held by the District Court to be res judicata as between the parties because of a judgment by the District Court in a suit at law between the same parties based upon a license agreement. In that case appellee, licensee of appellant under the patents in suit, was charged with manufacturing some 900,000 mats, on which it had paid no royalties, claiming that the mats did not infringe. This court in that case affirmed the District Court's decision that the licensee had infringed the patents and was liable for the amount of royalty stipulated in the license contract. Baldwin Rubber Co. v. Paine & Williams Co., 6 Cir., 99 F.2d 1. The instant suit prays for an accounting for articles which are substantially identical with those previously held to infringe, and made subsequent to the cancellation of the license contract.

Before the question of validity of the patents can be considered, the effect of the judgment in the former case (hereinafter referred to as the license case) must be determined. Prior art was introduced in the license case to limit the scope of the contested claims, and the District Court in its conclusions of law there found as follows:

"4. Defendant as licensee may adduce prior art only to construe or qualify the claims of the licensed patents, but such evidence may not be considered unless it appears that there is some patentable difference between the alleged prior art and the construction covered by the claim or claims so sought to be construed or qualified.

"5. Where it does appear that there is a patentable difference between the prior art and the construction covered by the claim or claims of a patent under a license agreement, and the articles manufactured and sold by the licensee do embody such patentable difference, then the licensee must account for royalties under his license for all such articles.

"6. Each of the licensed patents, Nos. 1,715,523 and 1,715,525, discloses and covers a patentable difference over the prior art of record herein."

It is the accepted general rule that a licensee of a patent is estopped to contest its validity. However, in a suit for infringement, the licensee may present instances of the prior art for the purpose of determining the scope of the patent. Westinghouse Electric & Mfg. Co. v. Formica Insulation Co., 266 U.S. 342, 45 S.Ct. 117, 69 L.Ed. 316; General Motors Corp. v. Swan Carburetor Co., 6 Cir., 88 F.2d 876; Baldwin Rubber Co. v. Paine & Williams Co., supra.

While appellant does not here contend that the judgment of the District Court in the license case is res judicata as to the validity of the patents, it does contend that that decision is res judicata as to certain issues which bear upon validity and in the instant case are determinative, namely, whether there is a difference between the patent disclosures and the prior art, and whether such differences are of a patentable character. Appellant thus claims that estoppel by judgment exists upon the question of validity of the patents. While the suit here is for infringement, and hence presents a cause of action different from that in the royalty suit, if the issue of patentability was properly presented in the license suit and directly determined, that determination cannot be questioned in a later suit between the same parties. Cf. Southern Pacific R. Co. v. United States, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355. The ultimate question in the license case was whether articles manufactured by the licensee upon which no royalty was paid, infringe the claims as limited by the prior art. Appellant urges, however, that the questions of novelty and invention were litigated in the license case because these questions were necessary for the court to determine, and that royalties could be recovered only if these questions were determined.

We disagree, however, with the proposition that it was necessary for the court in the license case to determine novelty and invention. While the facts conclusively determined by a judgment include not only the ultimate facts, but the material facts necessary in arriving at the conclusion, these facts must be properly in issue (Cf. Southern Pacific R. Co. v. United States, supra) for them to give rise to the doctrine of estoppel by judgment. Neither novelty nor invention, as bearing upon patentability, was properly in issue in the license case. The licensee was estopped to contest validity in a suit for royalties, and the court was not authorized to rule upon validity. The prior art could properly be considered only for the purpose of defining the scope of the claims and determining whether the mats

manufactured came within the claims thus defined. Hence the determination of the trial court in the license case that the patents exhibit patentable differences over the prior art is surplusage and dictum, unless the parties contested those matters at the trial.

But in the license case these questions were not actually in issue. An issue is a single, certain and material point arising out of the allegations and contentions of the parties. The issue may normally be ascertained by an inspection of the pleadings. In the freer modern practice, an issue sometimes arises from the affirmation on one side and the denial on the other of some material point of law or fact as developed by the evidence, though not presented by the pleadings. No question of validity was raised in the license case, either in the pleadings or in the evidence. Neither party affirmed or denied the validity of the patents. The licensee's answer alleged that "the patents described in said license are restricted and limited in scope in such manner that they are not entitled to any range of equivalency whatever by reason of the fact that substantially the identical things disclosed and claimed therein were and are disclosed in a large number of United States and foreign patents and other printed publications. * * *" The licensee's pleadings refer to the license contract, which specifically bound it not to question the validity of the patents.

Nor was the issue made at the trial of the license case. While various exhibits were offered by licensee for showing the state of the prior art, they were offered expressly for the sole purpose of limiting the scope of the patents. The court in ruling upon the admissibility of such exhibits stated that they were received only for that purpose, and not upon an issue of validity. The licensee submitted various findings of fact and conclusions of law which appellant here contends estop appellee, but fairly considered, those proposed findings and conclusions repeatedly conceded that the licensee was estopped to deny validity.

Appellant urges, however, that the determination of the court in the license case that these questions were in issue, if induced by action of the licensee estops appellees from raising the question of validity here. Cf. Lyons v. Empire Fuel Co., 6 Cir., 262 F. 465. Assuming, but

not deciding, that this holding made in a jury case applies in a patent suit, the foregoing statement as to the pleadings and conduct of the former trial shows that the licensee did not induce the conclusions of the court in that case. The conclusions of law were prepared by licensor, and were at all appropriate times thereafter objected to by licensee, which at no point acquiesced in the court's ruling upon this question. We conclude that the questions of novelty and invention, so far as they have any bearing on validity, were not litigated in the license case. Our holding in General Motors Corp. v. Swan Carburetor Co., supra, is completely dispositive of the contention [88 F.2d 884]·

"The estoppel of the prior judgment extends only to the matters litigated, or which might have been litigated in the former case. Nolan v. City of Owensboro, 75 F.2d 375 (C.C.A. 6). For the estoppel to be effective, the issues of law and fact must be the same. Triplett v. Lowell, 297 U.S. 638, 648, 56 S.Ct. 645, 650, 80 L.Ed. 949."

The cases of United States v. Texas, 162 U.S. 1, 16 S.Ct. 725, 40 L.Ed. 867, and State of Oklahoma v. Texas, 256 U.S. 70, 41 S.Ct. 420, 65 L.Ed. 831, relied upon by appellant, merely serve to accentuate the correctness of this holding. In United States v. Texas, a boundary case between Texas and the United States, Texas claimed that the north fork of the Red River was the original boundary between Texas and the United States, and the United States claimed that the boundary was the south fork of the Red River. The court decreed that the original boundary between the United States and Texas (then Spanish territory) ran along the south bank of the south branch of the Red River. In State of Oklahoma v. Texas, the decree in United States v. Texas, supra, was held to be res judicata against the contention of the state of Texas that the boundary ran along the mid channel of the river, and not along the south bank. Appellant contends that State of Oklahoma v. Texas decides that a holding by a court outside of the issues litigated in the original case is res judicata upon the same question in a subsequent case. But in State of Oklahoma v. Texas the question before the court was what was the original boundary. The ultimate conclusion of the court, though more specific than the parties requested, was upon a

point "properly put in issue." Southern Pacific R. Co. v. United States, supra [168 U.S. 1, 18 S.Ct. 27, 42 L.Ed. 355.]

The single issue in the license case was whether the accused mats fell within the scope of the patent, and not whether patentable invention was disclosed. To sustain appellant's contention upon the point of estoppel by judgment would in many cases deprive the licensee who had been sued on the license, of the opportunity to question the validity of the licensed patents in a later filed infringement suit. We conclude that the judgment in the license case did not preclude the District Court in the instant case from fully considering and determining the question of validity of the claims.

Appellant further contends that as this court affirmed the District Court in the license case, it approved all findings and conclusions of the District Court. We do not so construe our mandate. We have repeatedly held that if the judgment of the lower court is correct for any reason, it will be affirmed, however erroneous the basis of or the reason for the lower court's judgment. American Eagle Fire Ins. Co. v. Gayle, 6 Cir., 108 F.2d 116, 117.

As to validity, appellant concedes that the Turner patent is secondary because of the development of loosely compacted fibrous base material, not requiring the use of a fabric, which deprives the alleged invention of its utility. But it insists that the free flexible margin provided by the Vrooman patent for an upper wearing layer of rubber which extends beyond the fibrous base presents patentable novelty.

Upon the question of validity of both patents, the decree must be affirmed. There was no invention in changing the juxtaposition of materials with well-known qualities so as to produce the floor covering described in Turner [Rid-Jid Products, Inc. v. Rich Pump & Ladder Co., 6 Cir., 103 F.2d 574], nor in substituting one known material for another in the same or an analogous art. Firestone Tire & Rubber Co. v. United States Rubber Co., 6 Cir., 79 F.2d 948. As to Vrooman, prior to his application numerous Essex cars had been manufactured in which the floor covering exhibited a flap of rubber extending several inches beyond the rear end of the base, and also an extension of the rubber mat beyond the parallel sides of the fibrous base. Even if, as contended by appellant, the Essex mat did not obtain the close-fitting contact with the floor secured by the patented article, nor display all of the characteristics of Vrooman, the patent discloses no invention. Brown, 1,488,804 (1924) presents a carpet fastened upon a rubber base with edges extending beyond the edges of the base. Harral, 1,182,764 (1916) and Tourangeau, 1,234,827 (1917) show devices to prevent rugs from slipping, which employ a rubber mat of smaller dimensions than the rug. The principle of having the upper mat extend beyond the margins of the under material is the same as in Vrooman. Apart from these anticipatory prior patents, we think the advantages of such a mat construction are obvious even to the lay mind, and that those skilled in the art must easily have discerned it. The expression of the idea in the form of a patent does not raise it to the dignity of invention. Commercial success, which existed here, is of no avail except in cases where the question of validity is close. Univis Corp. v. Rips, 6 Cir., 104 F.2d 749.

The decree is affirmed.