Robert R. MORGAN *v.*
CLINTON STATE BANK and Clinton Bankshares, Inc.

CA 94-429                                                    900 S.W.2d 216

Court of Appeals of Arkansas
En Banc
Opinion delivered June 28, 1995

*Williams & Anderson,* by: *John E. Tull, III* and *Jeanne L. Seewald,* for appellant.

*Hargis, Wood & Lockhart,* by: *W. Kirby Lockhart,* for appellee.

JOHN E. JENNINGS, Chief Judge. Robert R. Morgan was employed as the CEO and chairman of the board of Clinton State Bank. The written contract provided that he would be employed for a period of five years beginning March 1, 1987. On October 15, 1989, Morgan was fired.

On January 29, 1990, some two years before the expiration of the employment contract, Morgan brought suit for damages for breach in Pulaski County Chancery Court. The chancellor held that Mr. Morgan was entitled to damages for breach incurred through the date of trial and awarded $89,000.00 for wrongful termination and directed the bank to repurchase Mr. Morgan's home for $85,500.00 within thirty days of the date of entry of the judgment. No appeal was taken from that order.

On November 25, 1992, Mr. Morgan filed a second complaint in Pulaski County Chancery Court seeking damages for the balance of the term of the employment contract. The case was subsequently transferred to circuit court and the circuit court granted Clinton State Bank's motion to dismiss.

The issue on appeal is whether, after having filed suit for damages for breach of employment contract prior to the expiration of the term of the contract, Mr. Morgan can then file a second lawsuit seeking damages for breach related to the balance of the term. The circuit judge held that he could not and we agree.

■ The question is one of law. In *Van Winkle* v. *Satterfield,* 58 Ark. 617, 25 S.W. 1113 (1894), Justice Battle said:

> A servant who has been wrongfully discharged by his employer before the time for which he was hired has expired has these remedies: "First, he may consider the contract as rescinded, and recover on a *quantum meruit* what his services were worth, deducting what he had received for the time during which he had worked. Second, he may wait until the end of the term, and then sue for the whole amount, less any sum which the defendant may have a right to

recoup. Third, he may sue at once for breach of the contract of employment." *He, however, can adopt only one.* [Emphasis added and citations omitted.]

To the extent that the language in *Van Winkle* is dicta, it is venerable dicta. It has also been cited with approval as recently as 1989. *See Jim Orr and Associates, Inc.* v. *Waters*, 299 Ark. 526, 773 S.W.2d 99 (1989). In *Waters* the supreme court quoted extensively from *Van Winkle*, recognized that it was probably the minority view, but expressly declined to overrule it. While it is true that the issue in *Waters* was the measure of damages when the employee brings the suit prior to the expiration of the term of the contract, and not whether a subsequent action could be brought, we nevertheless are persuaded that the decision there is controlling. The same policy considerations relating to the multiplicity of lawsuits which underlie the doctrine of res judicata mitigate against permitting one or more successive actions to recover damages for breach of an employment contract. If the rule in *Van Winkle* is to be changed it would seem preferable, perhaps, to change it on the front end, i.e., to permit recovery for future damages in an action brought prior to the expiration of the time. The court in *Waters* declined to do so and we are bound by that decision.

For the reasons stated, the decision of the circuit judge is affirmed.

Affirmed.

MAYFIELD, J., concurs.

ROBBINS, J., dissents.

MELVIN MAYFIELD, Judge, concurring. I concur in the affirmance of the trial court's dismissal of appellant's complaint for recovery of lost wages. However, I do not agree with the reasoning of that opinion. Actually, I think both the majority and dissenting opinions are based upon incorrect assumptions of the law. The law does not need to be changed — only properly applied.

The appellant in this case argues that the trial court erred in dismissing his claim. He says that an employee who brings an action for damages under a contract of employment and collects through the date of trial is not barred from bringing another

action, after the expiration of the contract, to collect the damages due on the remainder of the contract.

The appellees contend, however, that an employee who recovers damages for breach of an employment contract before the expiration of the contract is barred from maintaining a subsequent action on the contract.

Both parties cite *Van Winkle* v. *Satterfield*, 58 Ark. 617, 25 S.W. 1113 (1894). In that case our supreme court addressed the damages recoverable by an employee who has been wrongfully discharged before expiration of his term of employment. The court said:

> A servant who has been wrongfully discharged by his employer before the time for which he was hired has expired has these remedies: "First, he may consider the contract as rescinded, and recover on a *quantum meruit* what his services were worth, deducting what he had received for the time during which he had worked. Second, he may wait until the end of the term, and then sue for the whole amount, less any sum which the defendant may have a right to recoup. Third, he may sue at once for breach of the contract of employment." He, however, can adopt only one.

> If he adopts the third remedy, he can recover the damages which he has sustained down to the day of the trial, which is limited to a compensation for the injury suffered by the breach of the contract. The loss of the wages which his employer agreed to pay him constitutes the injury. What, therefore, he has suffered by reason of the loss of the wages, as a rule, is the amount of the damages he is entitled to recover.

> It is the breach, and not the time of the discharge, or when the action was brought, that gives the damage. If the consequences for which the law renders the employer responsible develops so as to create an absolute injury at the time of the trial, he is entitled to a compensation for such an injury. He cannot recover the damages he might suffer after the trial, for the obvious reasons they cannot be assessed in advance.

58 Ark. at 621-22, 25 S.W. at 1114 (citations omitted).

I think the holding in *Van Winkle* is clear. The wrongfully discharged employee may (1) consider the contract as rescinded — annulled — and sue on *quantum meruit* for what the services he has performed are worth, after deducting any amount he has already been paid for those services; (2) he may wait until the end of the term of employment and sue for the whole amount he would have earned; or (3) he may sue at once for breach of his contract. However, he can have only one of the three alternatives.

Appellant argues that the court in *Van Winkle* held that a wrongfully terminated employee who elects to sue immediately to recover damages may collect damages only through the date of trial, and cites *Jim Orr & Associates, Inc.* v. *Waters*, 299 Ark. 526, 773 S.W.2d 99 (1989), and *School District No. 45, Pope County* v. *McClain*, 185 Ark. 658, 48 S.W.2d 841 (1932), in support of that contention. This, he contends, means he can sue again and recover the balance due him. However, *Van Winkle* states that the employee who adopts the third remedy may recover the "damages" he sustained. Further, *Waters* and *McClain* hold only that a wrongfully terminated employee who sues prior to the expiration of the contract is not entitled to recover the *full amount* he would have earned under the contract, but they also hold that a wrongfully terminated employee may recover the *damages* he has sustained as a result of the breach of contract. And in *McClain*, the court instructed a verdict for a teacher for the two and one-half months she had taught up to the time of trial but refused to allow recovery for the four and one-half months still left on her contract. On appeal our supreme court said, "all that need be said is that she was not entitled to recover the full amount she would have earned under the contract . . . because she may have . . . obtained other employment which would reduce the amount of her recovery . . . ." 185 Ark. at 660, 48 S.W.2d at 842.

In 11 Samuel Williston, *A Treatise on the Law of Contracts* § 1361A (3d ed. 1968), the author discusses the employee's recovery for breach of contract where trial precedes the expiration of the contract.

> "The plaintiff's cause of action accrued when he was wrongfully discharged. His suit is not for wages, but for damages for the breach of his contract by the defendant.

For this breach he can have but one action. In estimating his damages the jury have the right to consider the wages which he would have earned under the contract, the probability whether his life and that of the defendant would continue to the end of the contract period, whether the plaintiff's working ability would continue, and any other uncertainties growing out of the terms of the contract, as well as the likelihood that the plaintiff would be able to earn money in other work during the time. But it is not the law that damages that may be larger or smaller because of such uncertainties are not recoverable. The same kind of difficulty is encountered in the assessment of damages for personal injuries. All the elements which bear upon the matters involved in the prognostication are to be considered by the jury, and from the evidence in each case they are to form an opinion upon which all can agree, and to which, unless it is set aside by the court, the parties must submit."

*Id.* at 319. The treatise then quotes from a case that quoted from *Pierce* v. *Tennessee Coal, Iron and Railroad Co.*, 173 U.S. 1 (1898), which reversed a trial court holding that allowed damages only to date of trial in a breach of employment case. The Supreme Court said:

If these facts were proved to the satisfaction of the jury, the case would stand thus: The defendant committed an absolute breach of the contract at a time when the plaintiff was entitled to require performance. The plaintiff was not bound to wait to see if the defendant would change its decision and take him back into its service, or to resort to successive actions for damages from time to time, or to leave the whole of his damages to be recovered by his personal representative after his death. But he had the right to elect to treat the contract as absolutely and finally broken by the defendant; to maintain this action, once for all, as for a total breach of the entire contract; and to recover all that he would have received in the future, as well as in the past, if the contract had been kept. In so doing, he would simply recover the value of the contract to him at the time of the breach, including all the damages, past or future, resulting from the total breach of the contract. The difficulty and uncertainty of estimating damages that the plain-

tiff may suffer in the future is no greater in this action of contract than they would have been if he had sued the defendant, in an action of tort, to recover damages for the personal injuries sustained in its service, instead of settling and releasing those damages by the contract now sued on.

In assessing the plaintiff's damages, deduction should, of course, be made of any sum that the plaintiff might have earned in the past or might earn in the future, as well as the amount of any loss that the defendant had sustained by the loss of the plaintiff's services without the defendant's fault.

*Id.* at 16.

In *Hemingway* v. *Grayling Lumber Co.*, 125 Ark. 400, 188 S.W. 1186 (1916), the appellant brought suit for damages for breach of a contract for hauling logs for the remainder of 1915. On May 13, 1915, the appellees refused to permit the appellant to continue performance. On August 28, 1915, the appellant recovered judgment for damages for breach of contract for the period from May 13 through the date of the judgment. Subsequently the appellant sued for recovery of damages accruing since the date of judgment. The trial court dismissed the action and our supreme court affirmed. Our supreme court stated:

> The complaint shows that the suit is upon the same contract for the breach of which an action for damages has already been maintained and that this action is prosecuted for the same breach of the contract, for damages accruing since the rendition of the first judgment. Its allegations show an entire breach of the contract and abandonment of its further performance by appellees, and no reason is disclosed why all the damages resulting from the alleged refusal of appellees to permit appellant to perform the contract did not accrue upon the breach thereof.

> "Where a demand or right of action is in its nature entire and indivisible, it cannot be split up into several causes of action and sued piece-meal, or made the basis of as many separate suits; but a recovery for one part will bar a subsequent action for the whole, the residue, or another part." (citations omitted)

125 Ark. 401-02. See also *Lisenby* v. *Farm Bureau Mutual Inc. Co.*, 245 Ark. 144, 431 S.W.2d 484 (1968), 11 Samuel Williston, *A Treatise on the Law of Contracts* § 1361A, *supra.*

In the instant case, the appellant's complaint states he has already brought suit for breach of the employment contract and recovered his total lost wages plus additional expenses related to the breach to the date of trial. Appellant's complaint states no new cause of action and seeks only recovery of subsequent lost wages and compensation for other damages. I do not agree that the law in Arkansas required him to sue in his first suit for the damages sustained only up to that date measured only by the amount he would have been paid up to that time. To the contrary, he could have recovered at that time for all the damages sustained by the breach of the contract. This being true, it is clear that this second suit is barred under the view taken in *Hemingway* v. *Grayling Lumber Co., supra.*

Although, the appellant contends that his view of the law is supported by language found in Howard Brill, *Arkansas Law of Damages* § 20-1 (2nd ed. 1990), the short answer to this argument is that in a footnote to that section Mr. Brill recognizes that there is authority to suggest that a second suit would be subject to the defense that the plaintiff had only a single cause of action for breach of contract and could not split his cause of action.

Based upon my view of the law as stated above, I would affirm.

JOHN B. ROBBINS, Judge, dissenting. This case involves an employment contract which a trial court found was wrongfully terminated by the employer. The employee, Mr. Morgan, sued the employer, Clinton State Bank, three months after he was terminated. The majority of this court holds that the employee should have waited more than two years and four months before filing his action if he wanted to recover all of his damages.

Two issues are argued by Mr. Morgan on appeal. First, he acknowledges that Arkansas follows the minority view that a wrongfully discharged employee may recover damages under an employment contract only through the date of trial. But he contends that Arkansas law does not bar a second action by the employee after expiration of the employment contract term for

the remainder of his damages. As a second issue and in the alternative, Mr. Morgan contends that if we conclude that Arkansas law does bar a second action, that we should overrule the Arkansas cases which hold that damages may be recovered only to the date of trial and adopt the majority position.

The principal reason why I disagree with an affirmance of the trial court's dismissal of Mr. Morgan's second action is because the reason for doing so is based on mere dictum. Clinton State Bank moved to dismiss Mr. Morgan's second action arguing that his election to sue during the contract term, rather than waiting until expiration of the employment term, bars a subsequent action because he could sue only once. The trial court agreed and dismissed the action. *Van Winkle* v. *Satterfield*, 58 Ark. 617, 25 S.W.2d 1113 (1894), is the sole Arkansas case which suggests this to be the law. In *Van Winkle* the supreme court reviewed the remedies of an employee who had been wrongfully discharged by his employer stating:

> First, he may consider the contract as rescinded, and recover on a *quantum meruit* what his services were worth, deducting what he had received for the time during which he had worked. Second, he may wait until the end of the term, and then sue for the whole amount, less any sum which the defendant may have a right to recoup. Third, he may sue at once for breach of the contract of employment.

58 Ark. at 621. Following this statement, the supreme court added the sentence, "He, however, can adopt only one." On the authority of this one sentence the majority holds that an employee may sue only once. But this sentence was only obiter dictum. *Van Winkle* did not involve an employee who had earlier sued his employer and obtained a judgment for damages accrued up to the date of trial, and then later brought a second action for the balance of his damages after final expiration of the employment term. The supreme court's statement that the employee can adopt only one of the enumerated remedies was clearly only a gratuitous remark. As stated by the supreme court more recently, "courts should be guided by the real holding — i.e., the essential — rather than by the *dicta* — i.e., the incidental, in previous cases." *Campbell* v. *Beaver Bayou Drainage Dist.*, 215 Ark. 187, 193, 219 S.W.2d 934, 937 (1949).

The economic imbalance which usually exists between an employer and employee gives the employer a distinct advantage if it chooses to breach the employment contract. While the appellant here, Mr. Morgan, a bank president, may not have been destitute when he commenced his first action, many employees can ill afford to wait until expiration of an employment contract to bring an action for damages. Until our law is changed and Arkansas joins the vast majority of other jurisdictions which permit a wrongfully discharged employee to recover prospective damages, we can, and should, recognize the right of an employee to bring successive actions until he is eventually made whole. We should use this opportunity to so hold. Who could quarrel with the fairness of such a holding? The employee would receive no less than he is entitled: the employer would pay no more than he obligated himself to pay. I would reverse and remand.

While I agree with Mr. Morgan on his first issue, I disagree with his proposal that we overrule the Arkansas cases which hold that damages may be recovered only to the date of trial. We should not do this for two basic reasons. First, that issue is not properly before us. That issue should have been raised by appeal at the conclusion of the first action when the trial court limited Mr. Morgan's damages to those which had accrued up to the date of trial. It is now too late to seek review of this issue. Secondly, we do not overrule decisions of the supreme court. *Huckabee* v. *State*, 30 Ark. App. 82, 785 S.W.2d 223 (1990).